KARIN M. COGBILL, Bar No. 244606
kcogbill@littler.com
LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th Floor
San Jose, CA  95113.2303
Telephone:   408.998.4150
Facsimile:   408.288.5686

MUSTAFA EL-FARRA, Bar No. 247206
melfarra@littler.com
LITTLER MENDELSON, P.C.
2050 Main Street, Suite 900
Irvine, CA  92614
Telephone:   949.705.3000
Fax No.:      949.724.1201

Attorneys for Defendant
ALLIED BUILDING PRODUCTS CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| EDUARDO FIGUEROA, SR., individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALLIED BUILDING PRODUCTS CORP, a New Jersey Corporation; and DOES 1 to 50, Inclusive,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1332(D)(2) (CAFA)** |
|---|---|

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant ALLIED BUILDING PRODUCTS CORPORATION ("Defendant" or "Allied") hereby removes the above-entitled action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(d) and 1446.

## I.     STATEMENT OF JURISDICTION

1.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"), which vests the United States district courts with original jurisdiction of any civil action: (a) that is a class action with a putative class of more than a hundred members; (b) in which any member of a class of plaintiffs is a citizen of a State different from any defendant; and (c) in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs. *See* 28 U.S.C. §1332(d).  CAFA authorizes removal of such actions in accordance with United States Code, title 28, section 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II.     PLEADINGS, PROCESS, AND ORDERS

2.     On September 22, 2016, Plaintiff Eduardo Figueroa, Sr. ("Plaintiff") filed a Class Action Complaint against Defendant and various DOE defendants in the Superior Court of California, County of Orange entitled:  *Eduardo Figueroa, Sr., individually, and on behalf of others similarly situated, vs. Allied Building Products Corp., a New Jersey Corporation, and Does 1 through 50, inclusive*, Case No. 30-2016-00877140-CU-OE-CXC.  A copy of the Complaint is attached hereto as **Exhibit A**.

3. On November 23, 2016, Plaintiff served the Complaint on Defendant through its registered agent for service of process.

4. On or about December 2, 2016, Plaintiff filed a First Amended Class Action Complaint. The First Amended Complaint asserts the following causes of action: (1) failure to pay wages including overtime; (2) failure to provide meal periods; (3) failure to provide rest periods; (4) failure to timely pay wages; (5) failure to provide accurate wage statements; (6) unfair competition; and (7) Private Attorneys General Act of 2004 ("PAGA"). A copy of the First Amended Class Action Complaint is attached hereto as **Exhibit B**.

5. On or about December 22, 2016, Defendant filed its Answer to Plaintiff's First Amended Class Action Complaint in the Superior Court of California for the County of Orange. A true and correct conformed copy of Defendant's Answer to Plaintiff's First Amended Class Action Complaint is attached hereto as **Exhibit C**.

6. Pursuant to 28 U.S.C. § 1446(d), attached as **Exhibit D** are all process, pleadings, and orders served on Defendant or filed or received by Defendant in this action, with the exception of the Complaint, First Amended Complaint, and Answer. To Defendant's knowledge, no further process, pleadings, or orders related to this case have been filed in Orange County Superior Court or served by any party.

## III. TIMELINESS OF REMOVAL

7. This Notice of Removal is timely filed within thirty (30) days of November 23, 2016, the date of service of the Summons and Complaint. *See* 28 U.S.C. § 1446(b).

## IV. CAFA JURISDICTION

8. As set forth below, this Court has jurisdiction over this case under the CAFA, 28 U.S.C. § 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a), in that it is a civil class action wherein: (1) the proposed class contains at least 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and the

2.

sole named and served Defendant; and (4) the total amount in controversy for all class members exceeds $5,000,000.

## A.   The Proposed Class Contains At Least 100 Members

9.     28 U.S.C. § 1332(d)(5)(B) sets forth that the provisions of the CAFA do not apply to any class action where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." This requirement is easily met in the case at bar.

10.    Plaintiff seeks to represent a class consisting of "[a]ny and all persons who are or were employed as non-exempt drivers and loaders, however titled, by Defendants in the state of California within four (4) years prior to the filing of the complaint in this action until resolution of this lawsuit." (First Amended Complaint at ¶ 15.)  According to Plaintiff's definition, there are approximately 419 class members between September 22, 2012 and the date of this removal.

## B.   Allied Building Products Is Not a Governmental Entity

11.    Under 28 U.S.C. § 1332(d)(5)(B), the CAFA does not apply to class actions where "primary defendants are States, State officials, or other governmental entities against whom the district court may be foreclosed from ordering relief."

12.    Defendant is a corporation, not a state, state official, or other government entity exempt from the CAFA.

## C.   There Is Diversity Between At Least One Class Member And Defendant

13.    The CAFA's minimal diversity requirement is satisfied, inter alia, when "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §§ 1332(d)(2)(A); 1453(b).  In a class action, only the citizenship of the named parties is considered for diversity purposes and not the citizenship of the class members. *Snyder v. Harris*, 394 U.S. 332, 339-40 (1969). Minimal diversity of citizenship exists here because Plaintiff and Defendant are citizens of different states.

1            **1.     Plaintiff is a Citizen of California.**

2            14.     Allegations of residency in a state court complaint can create a rebuttable

3      presumption of domicile supporting diversity of citizenship.  *Lew v. Moss*, 797 F.2d

4      747, 751 (9th Cir. 1986); *see also State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d

5      514, 519-20 (10th Cir. 1994) (allegation by party in state court complaint of residency

6      "created a presumption of continuing residence in [state] and put the burden of

7      coming forward with contrary evidence on the party seeking to prove otherwise");

8      *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of

9      residence provides "prima facie" case of domicile).  Plaintiff's First Amended

10     Complaint alleges that "Plaintiff, Eduardo Figueroa, Sr., is at all times relevant to this

11     action, a resident of Anaheim, California."  (First Amended Complaint at ¶ 6.)

12     Accordingly, for purposes of this removal, Plaintiff is a citizen of California.

13           **2.     Allied Building Products Is a Citizen of New Jersey.**

14           15.     Conversely, Defendant is not a citizen of California.  Allied Building

15     Products, a corporation, is deemed a citizen of its state of incorporation and the state

16     where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  Allied Building

17     Products, was at the time of the filing of this action, and still is, a New Jersey

18     Corporation.  (Declaration of Maryellen Hoffman ("Hoffman Decl."), ¶ 4.)

19     Defendant's principal place of business is New Jersey.  (Hoffman Decl., ¶ 5.)  The

20     United States Supreme Court held that the "nerve center" test determines a

21     corporation's "principle place of business."  *See Hertz Corp. v. Friend*, 130 S.Ct.

22     1181, 1192 (2010). The Court reasoned that a corporation's "nerve center" is normally

23     located where the corporation maintains its corporate headquarters and where the

24     "corporation's officers direct, control, and coordinate the corporation's activities."  *Id.*

25     In other words, a corporation's "principal place of business" can be found where the

26     corporation's "brain" is located. *Id.*  Lower courts have specifically outlined the

27     factors considered for determining a corporation's "nerve center."  Those factors

28     include: where the company's home offices are located; where the directors and

stockholders meet; where the corporate officers and executives reside; where policy decisions are made; and where the administrative and financial offices are located and the records kept. *See, e.g., Unger v. Del E. Webb Corp.*, 233 F.Supp. 713, 716 (N.D. Cal. 1964); *see also State Farm Fire & Cas. Co. v. Byrd*, 710 F.Supp. 1292, 1293 (N.D. Cal. 1989). Defendant's corporate headquarters are in New Jersey. (Hoffman Decl., ¶ 5.) Defendant's administrative and financial offices are located at the corporate headquarters in New Jersey. *Id.* Additionally, the majority of the corporate officers and executives who control, direct, and coordinate the operations of the Defendant are based out of the corporate headquarters in New Jersey. *Id.*

16.     Accordingly, Plaintiff and Defendant are citizens of different states, and diversity exists for purposes of the CAFA jurisdiction. *See* 28 U.S.C. §§ 1332(d)(2)(A).

**D.     The Amount In Controversy Exceeds $5,000,000**[1]

17.     This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d).

18.     The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recently recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the

---

[1] The alleged damages calculations contained herein are for purposes of removal only. Allied Building Products denies that Plaintiff is entitled to any relief whatsoever, that the action is appropriate for class certification, and further expressly reserves the right to challenge Plaintiff's alleged damages in this case.

notice of removal is supporting evidence required. *Id*. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

19.   Here, Plaintiffs do not allege the amount in controversy in the Complaint.

20.   Plaintiff alleges a cause of action for a violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*. (First Amended Complaint ¶¶ 67-73.)  Alleging a UCL violation extends the statute of limitations on certain of Plaintiff's wage and hour claims from three to four years from the filing of the Complaint, or going back to September 22, 2012. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co*., 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

21.   Plaintiff alleges that his claims are "typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions." (First Amended Complaint, ¶19(b).)  Furthermore, Plaintiff alleges that all members of the Class and/or Subclass have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing including overtime wages as Plaintiff and the putative class were automatically deducted for a thirty (30) minute meal period without having ever tak[en] one, all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass." (First Amended Complaint, ¶19(b).)

22.   As stated above, based on Plaintiff's definition only, there are at least 419 putative class members.  From September 22, 2012 through the date of this removal, the putative class worked approximately 47,279 work weeks.  The weighted average hourly rate for the putative class is $17.44, which provides for a weighted average

overtime rate of $26.16.  Additionally, at least 162 individuals from Plaintiff's defined putative class separated their employment with Defendant between September 22, 2013 and the date of this removal.

### 1.   Unpaid Overtime Claim

23.   By way of their first cause of action, Plaintiff and the putative class seek allegedly unpaid wages at overtime wage rates pursuant to California Labor Code §§ 510, 1194, and 1198.  (First Amended Complaint, ¶¶ 37-48.)  Plaintiff alleges that he and Class Members "consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week." (First Amended Complaint ¶ 42.)  Plaintiff then further alleges that Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members (1) by deducting wages for meal periods that were never taken and/or wages for meal periods less than 30 minutes; (2) for off the clock work during meal periods all while subject to control of Defendants; and (3) for unlawful rounding of times which times were not de minimus all while subject to the control of Defendants.  (First Amended Complaint, ¶¶ 43-45.)

24.   Plaintiff does not state the amount of overtime he and the putative class members worked each week without receiving overtime compensation.  Nor has Plaintiff placed any limits on this claim, e.g., the First Amended Complaint does not limit the amount of minutes, hours, shifts, days, or weeks at issue with regard to the overtime claim. Further, Plaintiff and his counsel, owe a fiduciary duty to the putative class to try and recover as much as possible for the putative class.  As such, every workday for every putative class member is in controversy at this juncture, particularly as Plaintiff alleges that he and class members consistently worked in excess of eight hours a day.  (First Amended Complaint, ¶ 42.)

25.   To determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of unpaid hours worked by Plaintiff and the putative class that would have been considered overtime hours is multiplied by one and one-half times their respective regular rates of pay in effect during the time the overtime

was allegedly worked.

**a.     Alleged Unpaid Overtime Premised on Plaintiff's Allegations that Defendant Unlawfully Deducted Wages for Meal Periods and Failed to Pay Wages for Off the Clock Work Performed During Meal Periods.**

26.     As alleged in the First Amended Complaint, Plaintiff asserts that Defendants deducted 30 minutes of time for meal periods, despite recorded meal periods being less than 30 minutes or not having been provided a 30 minute meal period at all during to the demands placed upon Plaintiff and the putative class.  (First Amended Complaint, ¶ 28.)

27.     Assuming conservatively that all putative class members were underpaid 1 hour of overtime wages per week by either Defendant's alleged unlawful deduction of 30 minutes for a meal period not taken, or taken in an amount less than 30 minutes, and/or Defendant's alleged failure to pay for time worked off-the-clock during meal periods; the amount in controversy on this aspect of Plaintiff's overtime claim alone could well exceed $1,236,818 ($26.16 x 47,279).[2]

**b.     Alleged Unpaid Overtime Premised on Defendant's Alleged Rounding Policy.**

28.     Plaintiff alleges that he "regularly clocked in early due to Defendant's policies of requiring loads to be delivered on time and resulting pressure to leave the work yards loaded and on time."  (First Amended Complaint, ¶ 22.)  Plaintiff further alleges that he "and Class Members were regularly required to clock in early by as much as 10 minutes in order to perform their duties such as inspecting the load, inspecting the trucks, preparing for routes, securing the loads and receiving the delivery paperwork."  (*Id.*)  According to Plaintiff, "Defendant unlawfully rounded this time which over time resulted in time in the favor of Defendants, which time was

---

[2] This calculation does not include workdays on which Plaintiffs may claim that putative class members worked in excess of 12 hours, which would be subject to a double-time rate.

not de minimis." (*Id.*)

29.     Assuming conservatively that all putative class members were underpaid 50 minutes of overtime wages per week as result of Defendant's alleged unlawful rounding policy; the amount in controversy on this aspect of Plaintiff's overtime claim alone could well exceed $1,030,269 ($26.16 x 47,279 x 0.833).[3]

30.     In sum, although Defendant vigorously denies Plaintiff's allegations, including the alleged damages, the amount in controversy with respect to Plaintiff's claim for unpaid overtime could easily exceed **$2,267,087**.

### 2.     Unpaid Meal Period Premiums Claim

31.     Plaintiff's second cause of action alleges that Defendant failed to provide Plaintiff and putative class members all compliant meal periods and failed to pay the full meal period premiums due in violation of California Labor Code §§ 226.7 and 512. (First Amended Complaint, ¶¶ 49-55.)  Specifically, Plaintiff alleges that Defendant (1) "failed to provide meal periods to Plaintiff and Class Members due to Defendants high demands placed upon its employees to deliver the loads to its customers on time;" (2) "also failed to provide second meal periods according to California law;" and (3) systematically denied meal periods or did not provide meal periods within the legally required time frames. (*Id.*, ¶¶ 28, 29, 31.)

32.     Plaintiff further alleges that Defendant never paid Plaintiff and the Class Members an extra hour of pay as required by California law where all meal periods were not provided, or not provided within the legally required time frames. (*Id.*, ¶ 31.)

33.     Plaintiff seeks one hour of premium pay for each work day that a meal period was not provided, or not provided within the required time frames. (First Amended Complaint, ¶ 55.)

---

[3] This calculation does not include workdays on which Plaintiffs may claim that putative class members worked in excess of 12 hours, which would be subject to a double-time rate.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

34.     Assuming conservatively that Plaintiff was able to establish that Defendant filed to provide lawfully compliant meal periods to him and the putative class members three (3) times a week, and that Plaintiff and the putative class members were not paid a break premium, the amount in controversy for the meal break claim of the putative class would be **$2,473,637** (47,279 weeks x 3 days x $17.44).

### 3.     Unpaid Rest Period Premiums

35.     By way of the third cause of action, Plaintiff alleges that Defendant "failed to permit and authorize rest breaks for the same reasons [it] failed to provide meal periods" and systematically do not permit or authorize rest breaks, or provide rest breaks within the legally required time frames.  (First Amended Complaint, ¶¶ 30-31, 56-60.)

36.     Plaintiff further alleges that Defendant never paid Plaintiff and the Class Members an extra hour of pay as required by California law where all rest breaks were not provided, or not provided within the legally required time frames.  (*Id*., ¶ 31.)

37.     Plaintiff seeks one hour of premium pay for each work day that a rest period was not provided.  (First Amended Complaint, ¶ 60.)

38.     Assuming conservatively that Plaintiff was able to establish that Defendant filed to provide lawfully compliant rest breaks to him and the putative class members three (3) times a week, and that Plaintiff and the putative class members were not paid a break premium, the amount in controversy for the meal break claim of the putative class would be **$2,473,637** (47,279 weeks x 3 days x $17.44).

### 4.     Claim for Final Wages Not Timely Paid

39.     By way of his Fourth Cause of Action, Plaintiff alleges a claim for unpaid final wages pursuant to California Labor Code §§ 201 and 202, which provide that if an employer willfully fails to pay wages owed, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid for a maximum of thirty (30) days.  Plaintiff claims that Defendant "willfully failed and

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

10.

1   refused, and continue to willfully fail and refuse, to pay Plaintiff and members of the

2   Class their wages, earned and unpaid wages" as required by Labor Code sections 201

3   and 202.  (First Amended Complaint, ¶¶ 64-65.)

4       40.   The statute of limitations for a wage action is three years.  *See* Cal. Code

5   Civ. Proc. § 338.  Here, there are approximately 162 putative class members, as

6   defined by Plaintiff, whose employment with Defendant ceased between September

7   22, 2013 and the date of this removal.[4]  Assuming Plaintiff seeks a penalty of

8   continued wages for the maximum of thirty (30) days for all employees who separated

9   their employment on or after September 22, 2013, the total amount of penalties sought

10  by Plaintiff would be **$678,067** (162 x $17.44 x 8 hours per day x 30 days).

11  ### 5.   Non-Compliant Wage Statement Claim

12      41.   By way of the fifth cause of action, Plaintiffs and the putative class

13  members allege that Defendant knowingly and intentionally failed to comply with

14  Labor Code section 226 on wages statements provided to Plaintiff and the putative

15  class. (First Amended Complaint, ¶¶ 61-64.[5])  Plaintiff seeks, on behalf of himself and

16  the putative class, statutory penalties pursuant to Labor Code §226. (First Amended

17  Complaint, Prayer for Relief on the Fifth Cause of Action, ¶ 1.)  Section 226(e) of the

18  California Labor Code provides for a statutory penalty for violations of its wage

19  statement requirements of $50 or actual damages per employee for the initial pay

20  period in which a violation occurs and $100 per employee for each violation in a

21  subsequent pay period, not exceeding an aggregate amount of $4,000.  Cal. Lab. Code

22  § 226(a).  The statutory period for Labor Code § 226(e) penalties is one year.  Cal.

23

24  [4] By using the date of this removal, Defendant does not waive its right to argue that
    any right to recover penalties pursuant to Labor Code section 203 ceased upon the

25  filing of this action.

26  [5] This cite refers to the paragraphs 61-64 under Plaintiff's Fifth Cause of Action in
    Plaintiff's First Amended Complaint on pages 13-14.  Paragraphs 60-66 under

27  Plaintiff's Fifth Cause of Action were misnumbered (i.e., they should have been
    numbered 67-73), since Plaintiff had already used those paragraph numbers on pages

28  12-13.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

11.

Code Civ. Proc. § 340.  Approximately 307 employees were employed by Defendant during the one year prior to the filing of the Complaint in this action.  Applying a maximum penalty of $4,000 per employee (as Plaintiff alleges at First Amended Complaint, ¶66) for a class of at least 307, the amount in controversy for this claim alone is at least **$1,228,000** ($4,000 x 307).

### 6.   Summary of Amount in Controversy

| Plaintiffs' Claim | Amount in Controversy |
| --- | --- |
| Unpaid Overtime | **$2,267,087** |
| Unpaid Meal Period Premiums | **$2,473,637** |
| Unpaid Rest Period Premiums | **$2,473,637** |
| Final Wages Not Timely Paid | **$678,067** |
| Non-Complaint Wage Statements | **$1,228,800** |
| TOTAL | **$9,121,228** |

42.   Thus, although Defendant denies that Plaintiff and the putative class are entitled to any relief, based on Plaintiff's allegations, it is more likely than not that the amount in controversy in this case exceeds **$9,121,228,** even before attorneys' fees, interest, costs and penalties for Plaintiff's Seventh Cause of Action (PAGA) are included.  Accordingly, the $5 million jurisdictional amount requirement of the CAFA is easily met.

43.   Defendant provides the foregoing calculations only to demonstrate that the amount placed in controversy by Plaintiff's First Amended Complaint exceeds the amount in controversy requirement of the CAFA.  Defendant makes no admission of any liability or damages with respect to any aspect of this case, nor does it endorse or concede that the proffered methodology for such calculations for purposes of demonstrating that the jurisdictional minimum is met could be used in lieu of individualized inquiries or otherwise.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

12.

**V.   VENUE**

44.     Venue lies in the Central District of California pursuant to 28 U.S.C. §§ 84(c), 1441(a), and 1446(a).  Plaintiff originally brought this action in the Superior Court of the State of California, County of Orange.  The appropriate assignment of this action is to the Southern Division of this Court.

**VI.   NOTICE OF REMOVAL**

45.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, the undersigned is providing written notice of such filing to Plaintiff's counsel of record.  In addition, a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of the State of California, County of Orange.

WHEREFORE, Defendant prays that the Court remove this civil action from the Superior Court of the State of California, County of Orange, to the United States District Court for the Central District of California.

Dated:   December 23, 2016

/s/ Mustafa El-Farra
KARIN M. COGBILL
MUSTAFA EL-FARRA
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ALLIED BUILDING PRODUCTS
CORP.

Firmwide:144476584.3 083028.1004

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA  95113.2303
408.998.4150

13.

# EXHIBIT A

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/22/2016** at 03:08:07 PM
Clerk of the Superior Court
By Georgina Ramirez,Deputy Clerk

JAMES HAWKINS APLC
JAMES R. HAWKINS SBN 192925
GREGORY MAURO, SBN 222239
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676
James@jameshawkinsaplc.com
Greg@jameshawkinsaplc.com

Attorneys for EDUARDO FIGUEROA, SR., individually and on
behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE, CIVIL COMPLEX

EDUARDO FIGUEROA, SR., individually and
on behalf of all others similarly situated,

　　　　　Plaintiffs,

　　v.

ALLIED BUILDING PRODUCTS CORP., a
New Jersey Corporation,  and DOES 1-50,
inclusive,

　　　　　Defendants.

Case No. 30-2016-00877140-CU-OE-CXC
Assigned for all Purposes to:
Hon.　　Judge Kim G. Dunning
Dept.　　cx-104

**CLASS ACTION COMPLAINT
PURSUANT TO CALIFORNIA CODE
OF CIVIL PROCEDURE §382 FOR:**

(1) **FAILURE TO PAY WAGES INCLUDING
　　OVERTIME;**

(2) **FAILURE TO PROVIDE MEAL PERIODS;**

(3) **FAILURE TO PROVIDE REST PERIODS;**

(4) **FAILURE TO TIMELY PAY WAGES;**

(5) **FAILURE TO PROVIDE ACCURATE WAGE
　　STATEMENTS; AND**

(6) **UNFAIR COMPETITION**


**DEMAND FOR JURY TRIAL**

COMES NOW plaintiff EDUARDO FIGUEROA, SR. ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against defendants ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation; and Does 1-50, inclusive (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.       This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiffs exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.       This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

3.       This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4.       The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

5.       Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and the acts or omissions alleged herein took place in this County.

## PARTIES

6.       Plaintiff, EDUARDO FIGUEROA, SR. is, and at all times relevant to this action, a resident of Anaheim, California. Plaintiff was employed by Defendants approximately in October of 2015 as a Non-Exempt Driver Employee through his separation in approximately July 26, 2016.  Plaintiff performed duties across various California job sites, such as the loading and

- 1 -
**CLASS ACTION COMPLAINT**

delivering of needed construction materials to the various customer locations, removal of materials, the cleaning of Defendants' delivery/shipping yard, and other necessary duties related to the Defendants' business of distributing building and construction materials to both residential and commercial drivers.

7. Defendants ALLIED BUILDING PRODUCTS CORP., is a New Jersey Corporation.

8. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and/or were at all times mentioned herein licensed and qualified to do business in California. On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

9. Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

10. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names. Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

11. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

12. Plaintiff is further informed and believes, and thereon alleges, that at all times

1   herein material, each Defendant was completely dominated and controlled by its co-Defendants
2   and each was the alter ego of the other.   Whenever and wherever reference is made in this
3   complaint to any conduct by Defendant or Defendants, such allegations and references shall also
4   be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and
5   severally.   Whenever and wherever reference is made to individuals who are not named as
6   Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,
7   at all relevant times acted on behalf of Defendants named in this complaint within the scope of
8   their respective employments.

9                           **CLASS ACTION ALLEGATIONS**

10        13.      Plaintiff brings this action individually as well as on behalf of each and all other
11   persons similarly situated, and thus, seeks class certification under California Code of Civil
12   Procedure §382.

13        14.      All claims alleged herein arise under California law for which Plaintiff seeks relief
14   as authorized by California law.

15        15.      The proposed class is comprised of and defined as:

16        Any and all persons who are or were employed as non-exempt drivers and
17        loaders, however titled, by Defendants in the state of California within four (4)
          years prior to the filing of the complaint in this action until resolution of this
18        lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

19        16.      Plaintiff also seeks to represent the subclass(es) composed of and defined as
20   follows:
          All Class Members who have been employed by Defendant at any time between
21        September 21, 2013 and the present and have separated their employment.

22        17.      Plaintiff reserves the right under California Rule of Court 3.765(b) and other
23   applicable laws to amend or modify the class definition with respect to issues or in any other
24   ways.

25        18.      The term "Class" includes Plaintiff and all members of the Class and each of the
26   subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in
27   this complaint.

28

19.     There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

a.     Numerosity:  The members of the Class and Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical.  The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  All members of the Class and/or Subclass have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing including overtime wages as Plaintiff and the putative class were automatically deducted for a thirty (30) minute meal period without having ever taking one, all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass similarly.

c.     Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

d.     Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort,

- 4 -

CLASS ACTION COMPLAINT

judicial resources, and expense compared to separate lawsuits. The prosecution of separate actions by individual members of the Class and/or Subclass would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class and/or Subclass, establishing incompatible standards of conduct for the Defendants, and resulting in the impairment of the rights of the members of the Class and/or Subclass and the disposition of their interests through actions to which they were not parties.

e.    Public Policy Considerations:  Employers in the state of California violate employment and labor laws everyday. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing actions because they believe their former employers may damage their future endeavors through negative references and/or other means. The nature of this action allows for the protection of current and former employees' rights without fear or retaliation or damage.

f.    Commonality:  There are common questions of law and fact as to the Class that predominate over questions affecting only individual members including, but not limited to:

1.    Whether Defendants failed to pay Plaintiff and Class Members for time spent working through meal periods or for automatic deductions of meal periods that were never taken, including regular hours and for hours Plaintiff and the Class worked in excess of eight (8) hours per day and/or forty (40) hours per week;

2.    Whether Defendants failed to pay Plaintiff and Class Members for time spent working when meal periods were less than 30 minutes, yet were deducted 30 minutes of time for a short meal period, and not paid for this time, including regular hours and for hours Plaintiff and members of the Class worked in excess of eight (8) hours per day and/or forty (40) hours per week, and double time wages for work over twelve (12) hours in a day;

3.    Whether Defendants failed to pay all wages including overtime wages to Plaintiff and Class Members due to its unlawful rounding of time policy which was used in such a manner that it resulted, over a period of time, in the failure to compensate the employees properly for all the time they have actually worked; and/or due to an unlawful policy of deducting 30 minutes of pay for a meal period which was less than 30 minutes; and/or due to an unlawful

- 5 -

**CLASS ACTION COMPLAINT**

1   policy of failing to pay for time spent working off the clock during alleged meal periods.

2       4.       Whether Defendants failed to pay all wages including overtime wages to

3   Plaintiff and Class Members due to its unlawful  policy of automatically deducting meal periods

4   even when meal periods were never provided for or taken and/or due to an unlawful policy

5   deducting 30 minutes of pay for a meal period which was less than 30 minutes;

6       5.       Whether Defendants failed to pay Plaintiff and members of the Class all

7   wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily

8   leaving Defendants' employ;

9       6.       Whether Defendants failed to provide meal periods and authorize and

10  permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial

11  Welfare Commission ("IWC") wage order;

12      7.       Whether Defendants failed to provide accurate itemized wage statements in

13  accordance with the applicable Labor Codes and applicable Industrial Welfare Commission

14  ("IWC") wage order;

15      8.       Whether Defendants engaged in unfair competition in violation of California

16  Business & Professions Code §§17200, et seq.; and

17      9.       The appropriate amount of damages, restitution, and/or monetary penalties

18  resulting from Defendants' violations of California law.

19                          **FACTUAL ALLEGATIONS**

20      20.      At all times set forth herein, Defendants employed Plaintiff and other persons in

21  the capacity of non-exempt positions such as drivers and loaders, however titled, throughout the

22  state of California.

23      21.      Defendants employed Plaintiff as a Non-Exempt Driver and Loader Employee

24  working as a non-exempt hourly paid employee during the liability period until the separation in

25  approximately July 2016.

26      22.      Plaintiff regularly clocked in early due to Defendant's policies of requiring loads

27  to be delivered on time and resulting pressure to leave the work yards loaded and on time.  In

28  order to deliver loads on time, Plaintiff and Class Members were regularly required to clock in

- 6 -

**CLASS ACTION COMPLAINT**

early by as much as 10 minutes in order perform their duties such as inspecting the load, inspecting the trucks, preparing for routes, securing the loads and reviewing the delivery paperwork. Defendant unlawfully rounded this time which over time resulted in time in the favor of Defendants, which time was not de minimis.

23.     Defendants continue to employ non-exempt employees such as drivers and loaders, however titled, throughout the state of California.

24.     Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25.     During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

26.     On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27.     On information and belief, during the relevant time frame, Defendants failed to provide meal periods to Plaintiff and Class Members due to Defendants high demands placed upon it employees to deliver the loads to its customers on time.

28.     On information and belief, Defendants also deducted 30 minutes of time despite recorded meal periods being less than 30 minutes or not having been provided a 30 minute meal period at all due to the demands placed upon them by Defendants. Thus Defendants failed to provide meal periods in accordance with California law.

29.     On information and belief, Defendants also failed to provide second meal periods according to California law.

30.     On information and belief, Defendants also failed to permit and authorize rest periods for the same reasons they failed to provide meal periods.

31.     On information and belief, Plaintiff, and Class Members were systematically denied meal periods and not permitted or authorized rest breaks or not provided meal periods or rest periods within the legally required time frames.   Nevertheless, Defendants never paid

Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as required by California law where all meal periods and rest breaks were not provided, or not provided within the legally required time frames.

32. On information and belief, Defendants failed to record meal periods and maintain accurate time records reflecting the times meal periods were allegedly provided and taken.

33. Plaintiff is informed and believes, and thereon alleges, that Defendants know, should know, knew, and/or should have known that Plaintiff and the other Class Members were entitled to receive accurate wages including overtime compensation, and premium wages including but not limited to Labor Code §§201-203, 226, 226.7, 510, 512, 558, 1174, 1194 and applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular and overtime wages and not paid all meal and rest period premiums due.

34. During the relevant time frame, Plaintiff, and on information and belief the Class Members, were not paid all wages due and owing at the time of separation for meal and rest period premiums, wages and overtime wages for off the clock work, and for time spent under the control of Defendant working for which time was unlawfully rounded in Defendant's favor.

35. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members premium wages, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, recklessly, and/or intentionally failed to do so.

36. Plaintiff and Class Members they seek to represent are covered by, and Defendants are required to comply with, applicable California Labor Codes, IWC Wage Orders and corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

## CLASS ACTION CLAIMS

### FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES INCLUDING OVERTIME

#### By Plaintiff and Class Against All Defendants

37. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

- 8 -

CLASS ACTION COMPLAINT

38.     At all times relevant, the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

39.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and…that time spent carrying out assigned duties shall be counted as hours worked.

40.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work, or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a work week; and  to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

41.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

42.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

43.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members by deducting wages for meal periods that were never taken and/or wages for meal periods less than 30 minutes.

44.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for off the clock work during meal periods all while subject to the control of Defendants.

**CLASS ACTION COMPLAINT**

45.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for unlawful rounding of times which times were not de minimis all while subject to the control of Defendants.

46.     Defendants knew or should have known these acts were occurring. Yet Defendant failed to pay for all time worked while subject to the control of Defendant.

47.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of regular and overtime compensation violates the provisions of Labor Code §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

48.     Accordingly, Defendants owe Plaintiff and Class Members regular and overtime wages.

## SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS
### By Plaintiff and Class Against All Defendants

49.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

50.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

51.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.

52.     Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff

**CLASS ACTION COMPLAINT**

1  and Class Members are prevented from being relieved of all duties.  Despite said requirements of

2  the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants

3  and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free

4  meal periods, and/or not provided meal periods within the required time frames, or the legally

5  required length of times, for Plaintiff and Class Members needed to be continuously driving and

6  delivering materials between job sites.

7        53.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to

8  provide Plaintiff and Class Members, in their non-exempt positions, however titled, duty free

9  meal periods, meal breaks of not less than thirty (30) minutes, and not provided meal periods

10 within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and

11 Class Members' employment by Defendants.

12       54.    As a proximate result of the aforementioned violations, Plaintiff and Class

13 Members have been damaged in an amount according to proof at time of trial.

14       55.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to

15 recover one (1) hour of premium pay for each day in which a meal period was not provided and

16 not provided within the required time frames.

17 **THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS**

18 **By Plaintiff and Class Against All Defendants**

19       56.    Plaintiff repeats and incorporates herein by reference each and every allegation set

20 forth above, as though fully set forth herein.

21       57.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

22 employment by Defendants, "Every employer shall authorize and permit all employees to take

23 rest periods, which insofar as practicable shall be in the middle of each work period.... [The]

24 authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

25 minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest

26 period time shall be counted as hours worked, for which there shall be no deduction from wages."

27 Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any

28 rest period mandated by an applicable order of the IWC.

- 11 -
**CLASS ACTION COMPLAINT**

58.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as on-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof as a result of Plaintiff and Class Members needing to meet the Defendants' demands by continuously driving and delivering materials between job sites

59.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

60.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FOURTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

**By Plaintiff and Class Against All Defendants**

61.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

62.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

63.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for

- 12 -

**CLASS ACTION COMPLAINT**

1   waiting time penalties in the form of continued compensation for up to thirty (30) work days.

2       64.    During the relevant time period, Defendants willfully failed and refused, and

3   continue to willfully fail and refuse, to pay Plaintiff and members of the Class their wages, earned

4   and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their

5   voluntarily leaving Defendants' employ. These wages include the wages for off the clock work,

6   wages due for automatically deducting meal periods that were never taken, and for overtime for

7   hours worked in excess of eight (8) hours a day, forty (40) hours a week, but upon separation

8   Defendants failed to pay wages due and owing within the time frame specified by Labor Code

9   §§201-202.

10       65.    Defendants' willful failure to pay Plaintiff and Class Members their wages earned

11   and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

12   Defendants' employ, violates Labor Code §§201-202.

13       66.    As a result, Defendants are liable to Plaintiff and members of the Class for waiting

14   time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

15   **FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCRUATE**

16   **ITEMIZED WAGE STATEMENT**

17   **By Plaintiff and Class Against All Defendants**

18       60.    Plaintiff repeats and incorporates herein by reference each and every allegation set

19   forth above, as though fully set forth herein.

20       61.    Section 226(a) of the California Labor Code requires Defendants to itemize in

21   wage statements all deductions from payment of wages and to accurately report total hours

22   worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses

23   among other things. Defendants have knowingly and intentionally failed to comply with Labor

24   Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

25       62.    IWC Wage Orders require Defendants to maintain time records showing, among

26   others, when the employee begins and ends each work period, meal periods, split shift intervals

27   and total daily hours worked in an itemized wage statement, and must show all deductions and

28   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

the Class.  On information and belief, Defendants have failed to record all or some of the items delineated in Industrial Wage Orders and Labor Code §226.

63.    Defendants have also failed to accurately record the total hours worked and the accurate pay due as a result of the unlawful deductions and rounding complained of herein

64.    Defendants have also failed to accurately record the meal and rest period premiums owed per pay period.

65.    Plaintiff and the Class have been injured as they were unable to determine whether they had been paid correctly for all hours worked per pay period among other things.

66.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum of $4,000 each for record keeping violations.

### SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION

#### By Plaintiff and Class Against All Defendants

67.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

68.    Defendants' conduct, as alleged in this complaint, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of the California Code of Civil Procedure §1021.5.

69.    Defendants' policies, activities, and actions as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business and Professions Code §§17200, et seq.

70.    A violation of California Business and Professions Code §§17200, et seq., may be predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and practice of failing to pay wages including overtime over the past four (4) years violates Labor Code §§ 201, 202, 203, 226.7, 510, 512, and 1194.

71.    Defendants' policy of failing to provide Plaintiff and Class Members with meal periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was not provided or provided outside of the required time frames violates Labor Code §§ 510, 512,

1   and 226.7, and for and applicable IWC Wage Orders and California Code of Regulations.

2       72.     Plaintiff and Class Members have been personally aggrieved by Defendants'

3   unlawful and unfair business acts and practices alleged herein by the loss of money and/or

4   property.

5       73.     Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff

6   and Class Members are entitled to restitution of the wages withheld and retained by Defendants

7   during a period that commences four (4) years prior to the filing of this complaint; an award of

8   attorneys' fees, interest; and an award of costs.

9                           **PRAYER FOR RELIEF**

10      WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

11                          Class Certification

12      1.     That this action be certified as a class action;

13      2.     That Plaintiff be appointed as the representative of the Class;

14      3.     That Plaintiff be appointed as the representative of the Subclass; and

15      4.     That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

16                      On the First Cause of Action

17      1.     For compensatory damages in an amount equal to the amount of unpaid wages

18   including overtime and double time compensation owed to Plaintiff and Class Members;

19      3.     For pre-judgment interest on any unpaid overtime compensation due from the day

20   that such amounts were due;

21      3.     For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

22      4.     For such other and further relief as the Court deems proper.

23                      On the Second Cause of Action

24      1.     For one (1) hour of premium pay for each day in which a required meal period was

25   not provided or not provided in a timely manner; and

26      2.     For such other and further relief as the Court deems proper.

27                      On the Third Cause of Action

28      1.     For one (1) hour of premium pay for each day in which a required rest period was

**CLASS ACTION COMPLAINT**

1    not authorized or permitted; and

2        2.    For such other and further relief as the Court deems proper.

3    On the Fourth Cause of Action

4        1.    For statutory penalties pursuant to Labor Code §203;

5        2.    For interest for wages untimely paid; and

6        3.    For such other and further relief as the Court deems proper.

7    On the Fifth Cause of Action

8        1.    For statutory penalties pursuant to Labor Code §226;

9        2.    For interest for wages untimely paid; and

10       3.    For such other and further relief as the Court deems proper.

11   On the Sixth Cause of Action

12       1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

13   Class Members for their past failure to pay all regular and wages and overtime wages due over

14   the last four (4) years in an amount according to proof;

15       2.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

16   Class Members for their past failure to pay wages, premium wages for meal and/or rest periods,

17   that were not provided as described herein to Plaintiff and Class Members over the last four (4)

18   years in an amount according to proof;

19       3.    For pre-judgment interest on any unpaid wages due from the day that such

20   amounts were due;

21       4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

22   recover;

23       5.    For costs of suit incurred herein; and

24       6.    For such other and further relief as the Court deems proper.

25

26

27

28

- 16 -

**CLASS ACTION COMPLAINT**

1

## DEMAND FOR JURY TRIAL

2

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

3

4    Dated: September 20, 2016                    JAMES HAWKINS APLC

5                                         By:

6                                            JAMES R. HAWKINS, ESQ.
                                            GREGORY MAURO, ESQ.
7                                            Attorneys for Plaintiff EDUARDO
                                            FIGUEROA, SR. individually and on behalf
                                            of all others similarly situated.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

# EXHIBIT B

1  JAMES HAWKINS APLC
   JAMES R. HAWKINS SBN 192925
2  GREGORY MAURO, SBN 222239
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile:  (949) 387-6676
   James@jameshawkinsaplc.com
5  Greg@jameshawkinsaplc.com

6  Attorneys for EDUARDO FIGUEROA, SR., individually and on
   behalf of all others similarly situated

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                  COUNTY OF ORANGE, CIVIL COMPLEX
9

10  EDUARDO FIGUEROA, SR., individually and    Case No. 30-2016-00877140-CU-OE-CXC
    on behalf of all others similarly situated,    ASSIGNED FOR ALL PURPOSES TO:
11                                                  HON. KIM G. DUNNING
                        Plaintiffs,                 DEPT: CX-104
12
              v.                                    **FIRST AMENDED CLASS ACTION
13                                                  COMPLAINT  FOR:**
    ALLIED BUILDING PRODUCTS CORP., a
14  New Jersey Corporation,  and DOES 1-50,        **(1) Failure to Pay Wages Including
    inclusive,                                           Overtime;**
15
                        Defendants.                **(2) Failure to Provide Meal Periods;**
16
                                                   **(3) Failure to Provide Rest Periods;**
17
                                                   **(4) Failure to Timely Pay Wages;**
18
                                                   **(5) Failure to Provide Accurate Wage
19                                                      Statements;**

20                                                 **(6) Unfair Competition; and**

21                                                 **(7) Private Attorneys General Act of 2004
                                                       ("PAGA")**
22

23

24                                                 **DEMAND FOR JURY TRIAL**

25

26

27

28

                        FIRST AMENDED CLASS ACTION COMPLAINT

COMES NOW Plaintiff EDUARDO FIGUEROA, SR. ("Plaintiff"), individually and on behalf of others similarly situated, asserts claims against defendants ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation; and Does 1-50, inclusive (collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1.     This class action is brought pursuant to California Code of Civil Procedure §382. The monetary damages and restitution sought by Plaintiffs exceed the minimum jurisdiction limits of the California Superior Court and will be established according to proof at trial.

2.     This Court has jurisdiction over this action pursuant to the California Constitution Article VI §10, which grants the California Superior Court original jurisdiction in all causes except those given by statute to other courts.  The statutes under which this action is brought do not give jurisdiction to any other court.

3.     This Court has jurisdiction over Defendants because, upon information and belief, each Defendant is either a resident of California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by the California Courts consistent with traditional notions of fair play and substantial justice.

4.     The California Superior Court also has jurisdiction in this matter because there is no federal question at issue, as the issues herein are based solely on California statutes and law, including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

5.     Venue is proper in this Court because upon information and belief, one or more of the Defendants, reside, transact business, or have offices in this County and the acts or omissions alleged herein took place in this County.

## PARTIES

6.     Plaintiff, EDUARDO FIGUEROA, SR. is, and at all times relevant to this action, a resident of Anaheim, California. Plaintiff was employed by Defendants approximately in October of 2015 as a Non-Exempt Driver Employee through his separation in approximately July 26, 2016.   Plaintiff performed duties across various California job sites, such as the loading and

- 1 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

delivering of needed construction materials to the various customer locations, removal of materials, the cleaning of Defendants' delivery/shipping yard, and other necessary duties related to the Defendants' business of distributing building and construction materials to both residential and commercial drivers.

7.     Defendants ALLIED BUILDING PRODUCTS CORP., is a New Jersey Corporation.

8.     Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned herein, Defendants are organized and existing under the laws of California, and/or were at all times mentioned herein licensed and qualified to do business in California.  On information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did and continue to transact business throughout California.

9.     Whenever in this complaint reference is made to any act, deed, or conduct of Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives, who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of Defendants.

10.    Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.  Plaintiff will amend this complaint to insert the true names and capacities of the Doe Defendants at such time as the identities of the Doe Defendants have been ascertained.

11.    Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are the partners, agents, or principals and co-conspirators of Defendants, and of each other; that Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent of the liability of the Defendants as alleged herein.

12.    Plaintiff is further informed and believes, and thereon alleges, that at all times

-2-

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   herein material, each Defendant was completely dominated and controlled by its co-Defendants

2   and each was the alter ego of the other.   Whenever and wherever reference is made in this

3   complaint to any conduct by Defendant or Defendants, such allegations and references shall also

4   be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and

5   severally.   Whenever and wherever reference is made to individuals who are not named as

6   Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,

7   at all relevant times acted on behalf of Defendants named in this complaint within the scope of

8   their respective employments.

9                                **CLASS ACTION ALLEGATIONS**

10        13.    Plaintiff brings this action individually as well as on behalf of each and all other

11   persons similarly situated, and thus, seeks class certification under California Code of Civil

12   Procedure §382.

13        14.    All claims alleged herein arise under California law for which Plaintiff seeks relief

14   as authorized by California law.

15        15.    The proposed class is comprised of and defined as:

16        Any and all persons who are or were employed as non-exempt drivers and
         loaders, however titled, by Defendants in the state of California within four (4)
17        years prior to the filing of the complaint in this action until resolution of this
         lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").
18

19        16.    Plaintiff also seeks to represent the subclass(es) composed of and defined as

20   follows:
         All Class Members who have been employed by Defendant at any time between
21        September 21, 2013 and the present and have separated their employment.

22        17.    Plaintiff reserves the right under California Rule of Court 3.765(b) and other

23   applicable laws to amend or modify the class definition with respect to issues or in any other

24   ways.

25        18.    The term "Class" includes Plaintiff and all members of the Class and each of the

26   subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in

27   this complaint.

28

                                        - 3 -
                        **FIRST AMENDED CLASS ACTION COMPLAINT**

19.    There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

a.    Numerosity:  The members of the Class and Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical.  The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.    Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  All members of the Class and/or Subclass have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing including overtime wages as Plaintiff and the putative class were automatically deducted for a thirty (30) minute meal period without having ever taking one, all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass similarly.

c.    Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

d.    Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort,

- 4 -

1  judicial resources, and expense compared to separate lawsuits.  The prosecution of separate

2  actions by individual members of the Class and/or Subclass would create a risk of inconsistent

3  and/or varying adjudications with respect to the individual members of the Class and/or Subclass,

4  establishing incompatible standards of conduct for the Defendants, and resulting in the

5  impairment of the rights of the members of the Class and/or Subclass and the disposition of their

6  interests through actions to which they were not parties.

7  　　　　e.  <u>Public Policy Considerations</u>:  Employers in the state of California violate

8  employment and labor laws everyday.  Current employees are often afraid to assert their rights

9  out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions

10  because they believe their former employers may damage their future endeavors through negative

11  references and/or other means.  The nature of this action allows for the protection of current and

12  former employees' rights without fear or retaliation or damage.

13  　　　　f.  <u>Commonality:</u>  There are common questions of law and fact as to the Class

14  that predominate over questions affecting only individual members including, but not limited to:

15  　　　　1.  Whether Defendants failed to pay Plaintiff and Class Members for time

16  spent working through meal periods or for automatic deductions of meal periods that were never

17  taken, including regular hours and for hours Plaintiff and the Class worked in excess of eight (8)

18  hours per day and/or forty (40) hours per week;

19  　　　　2.  Whether Defendants failed to pay Plaintiff and Class Members for time

20  spent working when meal periods were less than 30 minutes, yet were deducted 30 minutes of

21  time for a short meal period, and not paid for this time, including regular hours and for hours

22  Plaintiff and members of the Class worked in excess of eight (8) hours per day and/or forty (40)

23  hours per week, and double time wages for work over twelve (12) hours in a day;

24  　　　　3.  Whether Defendants failed to pay all wages including overtime wages to

25  Plaintiff and Class Members due to its unlawful rounding of time policy which was used in such a

26  manner that it resulted, over a period of time, in the failure to compensate the employees properly

27  for all the time they have actually worked; and/or due to an unlawful policy of deducting 30

28  minutes of pay for a meal period which was less than 30 minutes; and/or due to an unlawful

- 5 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   policy of failing to pay for time spent working off the clock during alleged meal periods.

2          4.      Whether Defendants failed to pay all wages including overtime wages to

3   Plaintiff and Class Members due to its unlawful policy of automatically deducting meal periods

4   even when meal periods were never provided for or taken and/or due to an unlawful policy

5   deducting 30 minutes of pay for a meal period which was less than 30 minutes;

6          5.      Whether Defendants failed to pay Plaintiff and members of the Class all

7   wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily

8   leaving Defendants' employ;

9          6.      Whether Defendants failed to provide meal periods and authorize and

10   permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial

11   Welfare Commission ("IWC") wage order;

12          7.      Whether Defendants failed to provide accurate itemized wage statements in

13   accordance with the applicable Labor Codes and applicable Industrial Welfare Commission

14   ("IWC") wage order;

15          8.      Whether Defendants engaged in unfair competition in violation of California

16   Business & Professions Code §§17200, et seq.; and

17          9.      The appropriate amount of damages, restitution, and/or monetary penalties

18   resulting from Defendants' violations of California law.

19               **FACTUAL ALLEGATIONS**

20      20.     At all times set forth herein, Defendants employed Plaintiff and other persons in

21   the capacity of non-exempt positions such as drivers and loaders, however titled, throughout the

22   state of California.

23      21.     Defendants employed Plaintiff as a Non-Exempt Driver and Loader Employee

24   working as a non-exempt hourly paid employee during the liability period until the separation in

25   approximately July 2016.

26      22.     Plaintiff regularly clocked in early due to Defendant's policies of requiring loads

27   to be delivered on time and resulting pressure to leave the work yards loaded and on time. In

28   order to deliver loads on time, Plaintiff and Class Members were regularly required to clock in

early by as much as 10 minutes in order perform their duties such as inspecting the load, inspecting the trucks, preparing for routes, securing the loads and reviewing the delivery paperwork. Defendant unlawfully rounded this time which over time resulted in time in the favor of Defendants, which time was not de minimis.

23. Defendants continue to employ non-exempt employees such as drivers and loaders, however titled, throughout the state of California.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

26. On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27. On information and belief, during the relevant time frame, Defendants failed to provide meal periods to Plaintiff and Class Members due to Defendants high demands placed upon it employees to deliver the loads to its customers on time.

28. On information and belief, Defendants also deducted 30 minutes of time despite recorded meal periods being less than 30 minutes or not having been provided a 30 minute meal period at all due to the demands placed upon them by Defendants. Thus Defendants failed to provide meal periods in accordance with California law.

29. On information and belief, Defendants also failed to provide second meal periods according to California law.

30. On information and belief, Defendants also failed to permit and authorize rest periods for the same reasons they failed to provide meal periods.

31. On information and belief, Plaintiff, and Class Members were systematically denied meal periods and not permitted or authorized rest breaks or not provided meal periods or rest periods within the legally required time frames. Nevertheless, Defendants never paid

1   Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as
2   required by California law where all meal periods and rest breaks were not provided, or not
3   provided within the legally required time frames.

4        32.     On information and belief, Defendants failed to record meal periods and maintain
5   accurate time records reflecting the times meal periods were allegedly provided and taken.

6        33.     Plaintiff is informed and believes, and thereon alleges, that Defendants know,
7   should know, knew, and/or should have known that Plaintiff and the other Class Members were
8   entitled to receive accurate wages including overtime compensation, and premium wages
9   including but not limited to Labor Code §§201-203, 226, 226.7, 510, 512, 558, 1174, 1194 and
10  applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular
11  and overtime wages and not paid all meal and rest period premiums due.

12       34.     During the relevant time frame, Plaintiff, and on information and belief the Class
13  Members, were not paid all wages due and owing at the time of separation for meal and rest
14  period premiums, wages and overtime wages for off the clock work, and for time spent under the
15  control of Defendant working for which time was unlawfully rounded in Defendant's favor.

16       35.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
17  mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members
18  premium wages, and that Defendants had the financial ability to pay such compensation, but
19  willfully, knowingly, recklessly, and/or intentionally failed to do so.

20       36.     Plaintiff and Class Members they seek to represent are covered by, and Defendants
21  are required to comply with, applicable California Labor Codes, IWC Wage Orders and
22  corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

23                          <u>**CLASS ACTION CLAIMS**</u>

24        **FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES INCLUDING**

25                                  **OVERTIME**

26              **By Plaintiff and Class Against All Defendants**

27       37.     Plaintiff repeats and incorporates herein by reference each and every allegation set
28  forth above, as though fully set forth herein.

38.     At all times relevant, the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

39.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage. "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and…that time spent carrying out assigned duties shall be counted as hours worked.

40.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work, or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a work week; and  to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

41.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

42.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

43.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members by deducting wages for meal periods that were never taken and/or wages for meal periods less than 30 minutes.

44.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for off the clock work during meal periods all while subject to the control of Defendants.

FIRST AMENDED CLASS ACTION COMPLAINT

45.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for unlawful rounding of times which times were not de minimis all while subject to the control of Defendants.

46.     Defendants knew or should have known these acts were occurring. Yet Defendant failed to pay for all time worked while subject to the control of Defendant.

47.     Defendants' failure to pay Plaintiff and Class Members the unpaid balance of regular and overtime compensation violates the provisions of Labor Code §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

48.     Accordingly, Defendants owe Plaintiff and Class Members regular and overtime wages.

**SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**

**By Plaintiff and Class Against All Defendants**

49.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

50.     Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

51.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.

52.     Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff

- 10 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  and Class Members are prevented from being relieved of all duties.  Despite said requirements of

2  the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants

3  and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free

4  meal periods, and/or not provided meal periods within the required time frames, or the legally

5  required length of times, for Plaintiff and Class Members needed to be continuously driving and

6  delivering materials between job sites.

7      53.   For the four (4) years preceding the filing of this lawsuit, Defendants failed to

8  provide Plaintiff and Class Members, in their non-exempt positions, however titled, duty free

9  meal periods, meal breaks of not less than thirty (30) minutes, and not provided meal periods

10  within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and

11  Class Members' employment by Defendants.

12      54.   As a proximate result of the aforementioned violations, Plaintiff and Class

13  Members have been damaged in an amount according to proof at time of trial.

14      55.   Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to

15  recover one (1) hour of premium pay for each day in which a meal period was not provided and

16  not provided within the required time frames.

17      **THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS**

18      **By Plaintiff and Class Against All Defendants**

19      56.   Plaintiff repeats and incorporates herein by reference each and every allegation set

20  forth above, as though fully set forth herein.

21      57.   Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'

22  employment by Defendants, "Every employer shall authorize and permit all employees to take

23  rest periods, which insofar as practicable shall be in the middle of each work period....  [The]

24  authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)

25  minutes net rest time per four (4) hours worked or major fraction thereof....  Authorized rest

26  period time shall be counted as hours worked, for which there shall be no deduction from wages."

27  Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any

28  rest period mandated by an applicable order of the IWC.

- 11 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

58.    Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as on-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof as a result of Plaintiff and Class Members needing to meet the Defendants' demands by continuously driving and delivering materials between job sites

59.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

60.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FOURTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

**By Plaintiff and Class Against All Defendants**

61.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

62.    Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

63.    Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for

- 12 -

1   waiting time penalties in the form of continued compensation for up to thirty (30) work days.

2   64.   During the relevant time period, Defendants willfully failed and refused, and

3   continue to willfully fail and refuse, to pay Plaintiff and members of the Class their wages, earned

4   and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their

5   voluntarily leaving Defendants' employ.  These wages include the wages for off the clock work,

6   wages due for automatically deducting meal periods that were never taken, and for overtime for

7   hours worked in excess of eight (8) hours a day, forty (40) hours a week, but upon separation

8   Defendants failed to pay wages due and owing within the time frame specified by Labor Code

9   §§201-202.

10   65.   Defendants' willful failure to pay Plaintiff and Class Members their wages earned

11   and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

12   Defendants' employ, violates Labor Code §§201-202.

13   66.   As a result, Defendants are liable to Plaintiff and members of the Class for waiting

14   time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

15   **FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCRUATE**

16   **ITEMIZED WAGE STATEMENT**

17   **By Plaintiff and Class Against All Defendants**

18   60.   Plaintiff repeats and incorporates herein by reference each and every allegation set

19   forth above, as though fully set forth herein.

20   61.   Section 226(a) of the California Labor Code requires Defendants to itemize in

21   wage statements all deductions from payment of wages and to accurately report total hours

22   worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses

23   among other things.  Defendants have knowingly and intentionally failed to comply with Labor

24   Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

25   62.   IWC Wage Orders require Defendants to maintain time records showing, among

26   others, when the employee begins and ends each work period, meal periods, split shift intervals

27   and total daily hours worked in an itemized wage statement, and must show all deductions and

28   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

- 13 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   the Class.  On information and belief, Defendants have failed to record all or some of the items
2   delineated in Industrial Wage Orders and Labor Code §226.

3       63.    Defendants have also failed to accurately record the total hours worked and the
4   accurate pay due as a result of the unlawful deductions and rounding complained of herein

5       64.    Defendants have also failed to accurately record the meal and rest period
6   premiums owed per pay period.

7       65.    Plaintiff and the Class have been injured as they were unable to determine whether
8   they had been paid correctly for all hours worked per pay period among other things.

9       66.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum
10   of $4,000 each for record keeping violations.

11              **SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION**
12                 **By Plaintiff and Class Against All Defendants**

13      67.    Plaintiff repeats and incorporates herein by reference each and every allegation set
14   forth above, as though fully set forth herein.

15      68.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,
16   unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the
17   general public.  Plaintiff seeks to enforce important rights affecting the public interest within the
18   meaning of the California Code of Civil Procedure §1021.5.

19      69.    Defendants' policies, activities, and actions as alleged herein, are violations of
20   California law and constitute unlawful business acts and practices in violation of California
21   Business and Professions Code §§17200, et seq.

22      70.    A violation of California Business and Professions Code §§17200, et seq., may be
23   predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and
24   practice of failing to pay wages including overtime over the past four (4) years violates Labor
25   Code §§ 201, 202, 203, 226.7, 510, 512, and 1194.

26      71.    Defendants' policy of failing to provide Plaintiff and Class Members with meal
27   periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was
28   not provided or provided outside of the required time frames violates Labor Code §§ 510, 512,

**FIRST AMENDED CLASS ACTION COMPLAINT**

1   and 226.7, and for and applicable IWC Wage Orders and California Code of Regulations.

2       72.    Plaintiff and Class Members have been personally aggrieved by Defendants'
3   unlawful and unfair business acts and practices alleged herein by the loss of money and/or
4   property.

5       73.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff
6   and Class Members are entitled to restitution of the wages withheld and retained by Defendants
7   during a period that commences four (4) years prior to the filing of this complaint; an award of
8   attorneys' fees, interest; and an award of costs.

9   **SEVENTH CAUSE OF ACTION PURSUANT TO PRIVATE ATTORNEYS GENERAL**
10   **ACT OF 2004**
11   **By Plaintiff and Class Against All Defendants**

12       74.    Plaintiff repeats and incorporates herein by reference each and every allegation set
13   forth above, as though fully set forth herein.

14       75.    Pursuant to Labor Coe § 2699.3, (a) A civil action by an aggrieved employee
15   pursuant to subdivision (a) or (f) of Section 2699 alleging a violation of any provision listed in
16   Section 2699.5 shall commence only after the following requirements have been met:

17   (1) The aggrieved employee or representative shall give written notice by certified mail to
18       the Labor and Workforce Development Agency and the employer of the specific
19       provisions of this code alleged to have been violated, including the facts and theories
20       to support the alleged violation.

21   (2) (A) The agency shall notify the employer and the aggrieved employee or
22       representative by certified mail that it does not intended to investigate the alleged
23       violation within thirty (30) calendar days of the postmark date of the notice received
24       pursuant to paragraph (1). Upon receipt of that notice or if no notice is provided within
25       thirty-three (33) calendar days of the postmark date of the notice given pursuant to
26       paragraph (1), the aggrieved employee may commence a civil action pursuant to
27       Section 2699.

28       76.    On September 26, 2016 Plaintiff complied with the notice requirement pursuant to

- 15 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1  Labor Code Section 2699.3 and sent via certified mail written notice to the Labor and Workforce

2  Development Agency and the alleged employers of the specific provisions alleged to have been

3  violated, including the facts and theories to support the alleged violation by attaching and

4  incorporating by reference the operative complaint to Plaintiff's LWDA letter. Attached hereto as

5  **Exhibit 1** is a true and correct copy of Plaintiff, EDUARDO FIGUEROA, SR.'s LWDA letter.

6    77.    On or about December 1, 2016, sixty-five (65) days passed since Plaintiff provided

7  written notice required by Labor Code § 2699.3. Therefore, Plaintiff may commence a civil action

8  pursuant to Labor Code § 2699.3(a)(2)(A).

9    78.    On information and belief and based thereon, by their policy of:

10    a.   Failing to pay wages including overtime;

11    b.   Failing to provide meal periods;

12    c.   Failing to provide rest periods;

13    d.   Failing to timely pay wages;

14    e.   Failing to provide accurate wage statements; and

15    f.   Partaking in unfair competition.

16    79.    Defendants engaged in unlawful activity prohibited by inter alia, Labor Code

17  Sections 2698 et. seq., 201-203, 510, 512, 1194, Cal. Code Regs., Title 8, §11000, et. seq. and

18  IWC Wage Orders which violation constitutes a violation of fundamental public policy.

19    80.    As a result of their unlawful acts, Plaintiff and the proposed class are entitled to

20  civil penalties pursuant to Labor Code Private Attorney General Act of 2004, Labor Code §2698

21  et. seq.

22    81.    WHEREFORE, Plaintiff and the aggrieved employees he seeks to represent

23  requests relief as described herein and below.

24  **PRAYER FOR RELIEF**

25  WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

26  Class Certification

27    1.    That this action be certified as a class action;

28    2.    That Plaintiff be appointed as the representative of the Class;

- 16 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

3.   That Plaintiff be appointed as the representative of the Subclass; and

4.   That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

On the First Cause of Action

1.   For compensatory damages in an amount equal to the amount of unpaid wages including overtime and double time compensation owed to Plaintiff and Class Members;

3.   For pre-judgment interest on any unpaid overtime compensation due from the day that such amounts were due;

3.   For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

4.   For such other and further relief as the Court deems proper.

On the Second Cause of Action

1.   For one (1) hour of premium pay for each day in which a required meal period was not provided or not provided in a timely manner; and

2.   For such other and further relief as the Court deems proper.

On the Third Cause of Action

1.   For one (1) hour of premium pay for each day in which a required rest period was not authorized or permitted; and

2.   For such other and further relief as the Court deems proper.

On the Fourth Cause of Action

1.   For statutory penalties pursuant to Labor Code §203;

2.   For interest for wages untimely paid; and

3.   For such other and further relief as the Court deems proper.

On the Fifth Cause of Action

1.   For statutory penalties pursuant to Labor Code §226;

2.   For interest for wages untimely paid; and

3.   For such other and further relief as the Court deems proper.

On the Sixth Cause of Action

1.   That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay all regular and wages and overtime wages due over

- 17 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

1    the last four (4) years in an amount according to proof;

2        2.      That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

3    Class Members for their past failure to pay wages, premium wages for meal and/or rest periods,

4    that were not provided as described herein to Plaintiff and Class Members over the last four (4)

5    years in an amount according to proof;

6        3.      For pre-judgment interest on any unpaid wages due from the day that such

7    amounts were due;

8        4.      For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

9    recover;

10       5.      For costs of suit incurred herein; and

11       6.      For such other and further relief as the Court deems proper.

12                         <u>On the Seventh Cause of Action</u>

13       1.      For statutory penalties pursuant to Labor Code §2698 et. seq.; and

14       2.      For such other and further relief as the Court deems proper;

15

16                         **<u>DEMAND FOR JURY TRIAL</u>**

17       Plaintiff and members of the Class and Subclass request a jury trial in this matter.

18

19    Dated: December 2, 2016             JAMES HAWKINS APLC

20                         By: _____

21                            JAMES R. HAWKINS, ESQ.
                                     GREGORY MAURO, ESQ.

22                            Attorneys for Plaintiff EDUARDO
                                     FIGUEROA, SR. individually and on behalf

23                                      of all others similarly situated.

24

25

26

27

28

- 18 -

**FIRST AMENDED CLASS ACTION COMPLAINT**

# EXHIBIT 1

# JAMES *JH* HAWKINS
### A PROFESSIONAL LAW CORPORATION
9880 RESEARCH DRIVE, SUITE 200, IRVINE, CALIFORNIA 92618
TELEPHONE (949) 387-7200; FACSIMILE (949) 387-6676

September 26, 2016

**Via Certified Mail**

Allied Building Products Corp.
**Agent for Service of Process:** CSC – Lawyers Incorporating Service
2710 Gateway Oaks Dr., Ste 150N
Sacramento, CA 95833
Receipt No. 70143490000201566499

**Via Email Transmission**

**Labor and Workforce Development Agency**
Attn: PAGA Administrator
1515 Clay Street, Ste 801
Oakland, CA 94612
PAGAfilings@dir.ca.gov

Re:     **NOTICE PURSUANT TO LABOR CODE SECTIONS 2698,** *et seq.*

To Whom It May Concern:

PLEASE TAKE NOTICE that plaintiff Eduardo Figueroa, Sr., individually and on behalf of all others similarly situated and representative, gives NOTICE to commence and/or amend a civil action pursuant to California Labor Code Sections 2698, *et seq.* Plaintiff hereby gives written notice by certified mail to the Labor and Workforce Development Agency and Allied Building Products Corp.

Plaintiff hereby attaches a copy of the Complaint filed in Orange County Superior Court as though fully set forth herewith and a copy of the Complaint, setting out the specific provisions of the Labor Code Plaintiff alleges have been violated, including the facts and theories. <u>All labor provisions and facts in the Complaint alleged to have been violated pertain to all entities and individuals names in the Complaint, even if not expressly specified.</u>

Please advise within sixty (60) days of the post mark on this letter if the LWDA intends to investigate these claims. Thank you, and if you have any questions, please do not hesitate to contact me.

Very Truly Yours,

Gregory Mauro

Enclosure: Complaint

1   JAMES HAWKINS APLC
    JAMES R. HAWKINS SBN 192925
2   GREGORY MAURO, SBN 222239
    9880 Research Drive, Suite 200
3   Irvine, California 92618
    Telephone: (949) 387-7200
4   Facsimile: (949) 387-6676
    James@jameshawkinsaplc.com
5   Greg@jameshawkinsaplc.com

6   Attorneys for EDUARDO FIGUEROA, SR., individually and on
    behalf of all others similarly situated

7

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    COUNTY OF ORANGE, CIVIL COMPLEX
9

| 10 | EDUARDO FIGUEROA, SR., individually and on behalf of all others similarly situated, | Case No. Assigned for all Purposes to: Hon. Dept. |
|---|---|---|
| 11 | | |
| 12 | Plaintiffs, | |
| | v. | **CLASS ACTION COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §382 FOR:** |
| 13 | | |
| 14 | ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation, and DOES 1-50, inclusive, | |
| 15 | | **(1) FAILURE TO PAY WAGES INCLUDING OVERTIME;** |
| 16 | Defendants. | **(2) FAILURE TO PROVIDE MEAL PERIODS;** |
| 17 | | **(3) FAILURE TO PROVIDE REST PERIODS;** |
| 18 | | **(4) FAILURE TO TIMELY PAY WAGES;** |
| 19 | | **(5) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS; AND** |
| 20 | | **(6) UNFAIR COMPETITION** |
| 21 | | |
| 22 | | |
| 23 | | **DEMAND FOR JURY TRIAL** |

24

25

26

27

28

CLASS ACTION COMPLAINT

1  COMES NOW plaintiff EDUARDO FIGUEROA, SR. ("Plaintiff"), individually and on

2  behalf of others similarly situated, asserts claims against defendants ALLIED BUILDING

3  PRODUCTS CORP., a New Jersey Corporation; and Does 1-50, inclusive (collectively

4  "Defendants") as follows:

5  <u>**JURISDICTION AND VENUE**</u>

6  1.  This class action is brought pursuant to California Code of Civil Procedure §382.

7  The monetary damages and restitution sought by Plaintiffs exceed the minimum jurisdiction

8  limits of the California Superior Court and will be established according to proof at trial.

9  2.  This Court has jurisdiction over this action pursuant to the California Constitution

10  Article VI §10, which grants the California Superior Court original jurisdiction in all causes

11  except those given by statute to other courts.  The statutes under which this action is brought do

12  not give jurisdiction to any other court.

13  3.  This Court has jurisdiction over Defendants because, upon information and belief,

14  each Defendant is either a resident of California, has sufficient minimum contacts in California,

15  or otherwise intentionally avails itself of the California market so as to render the exercise of

16  jurisdiction over it by the California Courts consistent with traditional notions of fair play and

17  substantial justice.

18  4.  The California Superior Court also has jurisdiction in this matter because there is no

19  federal question at issue, as the issues herein are based solely on California statutes and law,

20  including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

21  5.  Venue is proper in this Court because upon information and belief, one or more of

22  the Defendants, reside, transact business, or have offices in this County and the acts or omissions

23  alleged herein took place in this County.

24  <u>**PARTIES**</u>

25  6.  Plaintiff, EDUARDO FIGUEROA, SR. is, and at all times relevant to this action, a

26  resident of Anaheim, California. Plaintiff was employed by Defendants approximately in October

27  of 2015 as a Non-Exempt Driver Employee through his separation in approximately July 26,

28  2016.  Plaintiff performed duties across various California job sites, such as the loading and

- 1 -

**CLASS ACTION COMPLAINT**

1 | delivering of needed construction materials to the various customer locations, removal of
2 | materials, the cleaning of Defendants' delivery/shipping yard, and other necessary duties related
3 | to the Defendants' business of distributing building and construction materials to both residential
4 | and commercial drivers.

5 | 7. Defendants ALLIED BUILDING PRODUCTS CORP., is a New Jersey
6 | Corporation.

7 | 8. Plaintiff is informed and believes, and thereon alleges, that at all relevant times
8 | mentioned herein, Defendants are organized and existing under the laws of California, and/or
9 | were at all times mentioned herein licensed and qualified to do business in California. On
10 | information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did
11 | and continue to transact business throughout California.

12 | 9. Whenever in this complaint reference is made to any act, deed, or conduct of
13 | Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or
14 | through one or more of its officers, directors, agents, employees, or representatives, who was
15 | actively engaged in the management, direction, control, or transaction of the ordinary business
16 | and affairs of Defendants.

17 | 10. Plaintiff is ignorant of the true names and capacities, whether individual,
18 | corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive
19 | and therefore sues said Defendants (the "Doe Defendants") by such fictitious names. Plaintiff
20 | will amend this complaint to insert the true names and capacities of the Doe Defendants at such
21 | time as the identities of the Doe Defendants have been ascertained.

22 | 11. Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are
23 | the partners, agents, or principals and co-conspirators of Defendants, and of each other; that
24 | Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided
25 | and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the
26 | benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent
27 | of the liability of the Defendants as alleged herein.

28 | 12. Plaintiff is further informed and believes, and thereon alleges, that at all times

- 2 -

**CLASS ACTION COMPLAINT**

1    herein material, each Defendant was completely dominated and controlled by its co-Defendants

2    and each was the alter ego of the other.   Whenever and wherever reference is made in this

3    complaint to any conduct by Defendant or Defendants, such allegations and references shall also

4    be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and

5    severally.   Whenever and wherever reference is made to individuals who are not named as

6    Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,

7    at all relevant times acted on behalf of Defendants named in this complaint within the scope of

8    their respective employments.

9                              **CLASS ACTION ALLEGATIONS**

10          13.     Plaintiff brings this action individually as well as on behalf of each and all other

11   persons similarly situated, and thus, seeks class certification under California Code of Civil

12   Procedure §382.

13          14.     All claims alleged herein arise under California law for which Plaintiff seeks relief

14   as authorized by California law.

15          15.     The proposed class is comprised of and defined as:

16          Any and all persons who are or were employed as non-exempt drivers and
17          loaders, however titled, by Defendants in the state of California within four (4)
             years prior to the filing of the complaint in this action until resolution of this
18          lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

19          16.     Plaintiff also seeks to represent the subclass(es) composed of and defined as

20   follows:
             All Class Members who have been employed by Defendant at any time between
21          September 21, 2013 and the present and have separated their employment.

22          17.     Plaintiff reserves the right under California Rule of Court 3.765(b) and other

23   applicable laws to amend or modify the class definition with respect to issues or in any other

24   ways.

25          18.     The term "Class" includes Plaintiff and all members of the Class and each of the

26   subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in

27   this complaint.

28

**CLASS ACTION COMPLAINT**

19.     There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

a.     Numerosity:  The members of the Class and Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical.  The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  All members of the Class and/or Subclass have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing including overtime wages as Plaintiff and the putative class were automatically deducted for a thirty (30) minute meal period without having ever taking one, all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass similarly.

c.     Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

d.     Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort,

- 4 -

1   judicial resources, and expense compared to separate lawsuits.   The prosecution of separate

2   actions by individual members of the Class and/or Subclass would create a risk of inconsistent

3   and/or varying adjudications with respect to the individual members of the Class and/or Subclass,

4   establishing incompatible standards of conduct for the Defendants, and resulting in the

5   impairment of the rights of the members of the Class and/or Subclass and the disposition of their

6   interests through actions to which they were not parties.

7           e.       Public Policy Considerations:   Employers in the state of California violate

8   employment and labor laws everyday.   Current employees are often afraid to assert their rights

9   out of fear of direct or indirect retaliation.   Former employees are fearful of bringing actions

10  because they believe their former employers may damage their future endeavors through negative

11  references and/or other means.   The nature of this action allows for the protection of current and

12  former employees' rights without fear or retaliation or damage.

13          f.       Commonality:   There are common questions of law and fact as to the Class

14  that predominate over questions affecting only individual members including, but not limited to:

15          1.       Whether Defendants failed to pay Plaintiff and Class Members for time

16  spent working through meal periods or for automatic deductions of meal periods that were never

17  taken, including regular hours and for hours Plaintiff and the Class worked in excess of eight (8)

18  hours per day and/or forty (40) hours per week;

19          2.       Whether Defendants failed to pay Plaintiff and Class Members for time

20  spent working when meal periods were less than 30 minutes, yet were deducted 30 minutes of

21  time for a short meal period, and not paid for this time, including regular hours and for hours

22  Plaintiff and members of the Class worked in excess of eight (8) hours per day and/or forty (40)

23  hours per week, and double time wages for work over twelve (12) hours in a day;

24          3.       Whether Defendants failed to pay all wages including overtime wages to

25  Plaintiff and Class Members due to its unlawful rounding of time policy which was used in such a

26  manner that it resulted, over a period of time, in the failure to compensate the employees properly

27  for all the time they have actually worked; and/or due to an unlawful policy of deducting 30

28  minutes of pay for a meal period which was less than 30 minutes; and/or due to an unlawful

**CLASS ACTION COMPLAINT**

1   policy of failing to pay for time spent working off the clock during alleged meal periods.

2          4.     Whether Defendants failed to pay all wages including overtime wages to

3   Plaintiff and Class Members due to its unlawful policy of automatically deducting meal periods

4   even when meal periods were never provided for or taken and/or due to an unlawful policy

5   deducting 30 minutes of pay for a meal period which was less than 30 minutes;

6          5.     Whether Defendants failed to pay Plaintiff and members of the Class all

7   wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily

8   leaving Defendants' employ;

9          6.     Whether Defendants failed to provide meal periods and authorize and

10   permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial

11   Welfare Commission ("IWC") wage order;

12          7.     Whether Defendants failed to provide accurate itemized wage statements in

13   accordance with the applicable Labor Codes and applicable Industrial Welfare Commission

14   ("IWC") wage order;

15          8.     Whether Defendants engaged in unfair competition in violation of California

16   Business & Professions Code §§17200, et seq.; and

17          9.     The appropriate amount of damages, restitution, and/or monetary penalties

18   resulting from Defendants' violations of California law.

19                   **FACTUAL ALLEGATIONS**

20      20.     At all times set forth herein, Defendants employed Plaintiff and other persons in

21   the capacity of non-exempt positions such as drivers and loaders, however titled, throughout the

22   state of California.

23      21.     Defendants employed Plaintiff as a Non-Exempt Driver and Loader Employee

24   working as a non-exempt hourly paid employee during the liability period until the separation in

25   approximately July 2016.

26      22.     Plaintiff regularly clocked in early due to Defendant's policies of requiring loads

27   to be delivered on time and resulting pressure to leave the work yards loaded and on time.  In

28   order to deliver loads on time, Plaintiff and Class Members were regularly required to clock in

early by as much as 10 minutes in order perform their duties such as inspecting the load, inspecting the trucks, preparing for routes, securing the loads and reviewing the delivery paperwork. Defendant unlawfully rounded this time which over time resulted in time in the favor of Defendants, which time was not de minimis.

23. Defendants continue to employ non-exempt employees such as drivers and loaders, however titled, throughout the state of California.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

26. On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27. On information and belief, during the relevant time frame, Defendants failed to provide meal periods to Plaintiff and Class Members due to Defendants high demands placed upon it employees to deliver the loads to its customers on time.

28. On information and belief, Defendants also deducted 30 minutes of time despite recorded meal periods being less than 30 minutes or not having been provided a 30 minute meal period at all due to the demands placed upon them by Defendants. Thus Defendants failed to provide meal periods in accordance with California law.

29. On information and belief, Defendants also failed to provide second meal periods according to California law.

30. On information and belief, Defendants also failed to permit and authorize rest periods for the same reasons they failed to provide meal periods.

31. On information and belief, Plaintiff, and Class Members were systematically denied meal periods and not permitted or authorized rest breaks or not provided meal periods or rest periods within the legally required time frames. Nevertheless, Defendants never paid

1  Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as

2  required by California law where all meal periods and rest breaks were not provided, or not

3  provided within the legally required time frames.

4       32.     On information and belief, Defendants failed to record meal periods and maintain

5  accurate time records reflecting the times meal periods were allegedly provided and taken.

6       33.     Plaintiff is informed and believes, and thereon alleges, that Defendants know,

7  should know, knew, and/or should have known that Plaintiff and the other Class Members were

8  entitled to receive accurate wages including overtime compensation, and premium wages

9  including but not limited to Labor Code §§201-203, 226, 226.7, 510, 512, 558, 1174, 1194 and

10 applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular

11 and overtime wages and not paid all meal and rest period premiums due.

12      34.     During the relevant time frame, Plaintiff, and on information and belief the Class

13 Members, were not paid all wages due and owing at the time of separation for meal and rest

14 period premiums, wages and overtime wages for off the clock work, and for time spent under the

15 control of Defendant working for which time was unlawfully rounded in Defendant's favor.

16      35.     Plaintiff is informed and believes, and thereon alleges, that at all times herein

17 mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members

18 premium wages, and that Defendants had the financial ability to pay such compensation, but

19 willfully, knowingly, recklessly, and/or intentionally failed to do so.

20      36.     Plaintiff and Class Members they seek to represent are covered by, and Defendants

21 are required to comply with, applicable California Labor Codes, IWC Wage Orders and

22 corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

23 **CLASS ACTION CLAIMS**

24 **FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES INCLUDING**

25 **OVERTIME**

26 **By Plaintiff and Class Against All Defendants**

27      37.     Plaintiff repeats and incorporates herein by reference each and every allegation set

28 forth above, as though fully set forth herein.

- 8 -

**CLASS ACTION COMPLAINT**

38.     At all times relevant, the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

39.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage.  "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and…that time spent carrying out assigned duties shall be counted as hours worked.

40.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work, or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a work week; and  to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

41.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

42.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

43.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members by deducting wages for meal periods that were never taken and/or wages for meal periods less than 30 minutes.

44.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for off the clock work during meal periods all while subject to the control of Defendants.

- 9 -

**CLASS ACTION COMPLAINT**

45. On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for unlawful rounding of times which times were not de minimis all while subject to the control of Defendants.

46. Defendants knew or should have known these acts were occurring. Yet Defendant failed to pay for all time worked while subject to the control of Defendant.

47. Defendants' failure to pay Plaintiff and Class Members the unpaid balance of regular and overtime compensation violates the provisions of Labor Code §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

48. Accordingly, Defendants owe Plaintiff and Class Members regular and overtime wages.

**SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**

**By Plaintiff and Class Against All Defendants**

49. Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

50. Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties. An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

51. Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.

52. Plaintiff and Class Members did not consent in writing to an "on duty" meal period. Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff

- 10 -

**CLASS ACTION COMPLAINT**

1  and Class Members are prevented from being relieved of all duties.  Despite said requirements of
2  the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants
3  and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free
4  meal periods, and/or not provided meal periods within the required time frames, or the legally
5  required length of times, for Plaintiff and Class Members needed to be continuously driving and
6  delivering materials between job sites.

7    53.    For the four (4) years preceding the filing of this lawsuit, Defendants failed to
8  provide Plaintiff and Class Members, in their non-exempt positions, however titled, duty free
9  meal periods, meal breaks of not less than thirty (30) minutes, and not provided meal periods
10 within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and
11 Class Members' employment by Defendants.

12   54.    As a proximate result of the aforementioned violations, Plaintiff and Class
13 Members have been damaged in an amount according to proof at time of trial.

14   55.    Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to
15 recover one (1) hour of premium pay for each day in which a meal period was not provided and
16 not provided within the required time frames.

17       **THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS**
18              **By Plaintiff and Class Against All Defendants**

19   56.    Plaintiff repeats and incorporates herein by reference each and every allegation set
20 forth above, as though fully set forth herein.

21   57.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members'
22 employment by Defendants, "Every employer shall authorize and permit all employees to take
23 rest periods, which insofar as practicable shall be in the middle of each work period.... [The]
24 authorized rest period time shall be based on the total hours worked daily at the rate of ten (10)
25 minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest
26 period time shall be counted as hours worked, for which there shall be no deduction from wages."
27 Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any
28 rest period mandated by an applicable order of the IWC.

- 11 -
**CLASS ACTION COMPLAINT**

58.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as on-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof as a result of Plaintiff and Class Members needing to meet the Defendants' demands by continuously driving and delivering materials between job sites

59.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

60.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FOURTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

**By Plaintiff and Class Against All Defendants**

61.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

62.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

63.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for

- 12 -

1   waiting time penalties in the form of continued compensation for up to thirty (30) work days.

2       64.    During the relevant time period, Defendants willfully failed and refused, and

3   continue to willfully fail and refuse, to pay Plaintiff and members of the Class their wages, earned

4   and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their

5   voluntarily leaving Defendants' employ. These wages include the wages for off the clock work,

6   wages due for automatically deducting meal periods that were never taken, and for overtime for

7   hours worked in excess of eight (8) hours a day, forty (40) hours a week, but upon separation

8   Defendants failed to pay wages due and owing within the time frame specified by Labor Code

9   §§201-202.

10       65.    Defendants' willful failure to pay Plaintiff and Class Members their wages earned

11   and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

12   Defendants' employ, violates Labor Code §§201-202.

13       66.    As a result, Defendants are liable to Plaintiff and members of the Class for waiting

14   time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

15       **FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCRUATE**

16       **ITEMIZED WAGE STATEMENT**

17       **By Plaintiff and Class Against All Defendants**

18       60.    Plaintiff repeats and incorporates herein by reference each and every allegation set

19   forth above, as though fully set forth herein.

20       61.    Section 226(a) of the California Labor Code requires Defendants to itemize in

21   wage statements all deductions from payment of wages and to accurately report total hours

22   worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses

23   among other things. Defendants have knowingly and intentionally failed to comply with Labor

24   Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

25       62.    IWC Wage Orders require Defendants to maintain time records showing, among

26   others, when the employee begins and ends each work period, meal periods, split shift intervals

27   and total daily hours worked in an itemized wage statement, and must show all deductions and

28   reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

- 13 -

**CLASS ACTION COMPLAINT**

1  the Class.  On information and belief, Defendants have failed to record all or some of the items

2  delineated in Industrial Wage Orders and Labor Code §226.

3      63.    Defendants have also failed to accurately record the total hours worked and the

4  accurate pay due as a result of the unlawful deductions and rounding complained of herein

5      64.    Defendants have also failed to accurately record the meal and rest period

6  premiums owed per pay period.

7      65.    Plaintiff and the Class have been injured as they were unable to determine whether

8  they had been paid correctly for all hours worked per pay period among other things.

9      66.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum

10  of $4,000 each for record keeping violations.

11              **SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION**

12                  **By Plaintiff and Class Against All Defendants**

13      67.    Plaintiff repeats and incorporates herein by reference each and every allegation set

14  forth above, as though fully set forth herein.

15      68.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,

16  unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the

17  general public.  Plaintiff seeks to enforce important rights affecting the public interest within the

18  meaning of the California Code of Civil Procedure §1021.5.

19      69.    Defendants' policies, activities, and actions as alleged herein, are violations of

20  California law and constitute unlawful business acts and practices in violation of California

21  Business and Professions Code §§17200, et seq.

22      70.    A violation of California Business and Professions Code §§17200, et seq., may be

23  predicated on the violation of any state or federal law.  In the instant case, Defendants' policy and

24  practice of failing to pay wages including overtime over the past four (4) years violates Labor

25  Code §§ 201, 202, 203, 226.7, 510, 512, and 1194.

26      71.    Defendants' policy of failing to provide Plaintiff and Class Members with meal

27  periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was

28  not provided or provided outside of the required time frames violates Labor Code §§ 510, 512,

- 14 -

**CLASS ACTION COMPLAINT**

1    and 226.7, and for and applicable IWC Wage Orders and California Code of Regulations.

2         72.    Plaintiff and Class Members have been personally aggrieved by Defendants'

3    unlawful and unfair business acts and practices alleged herein by the loss of money and/or

4    property.

5         73.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff

6    and Class Members are entitled to restitution of the wages withheld and retained by Defendants

7    during a period that commences four (4) years prior to the filing of this complaint; an award of

8    attorneys' fees, interest; and an award of costs.

9                              **PRAYER FOR RELIEF**

10        WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

11                              Class Certification

12   1.    That this action be certified as a class action;

13   2.    That Plaintiff be appointed as the representative of the Class;

14   3.    That Plaintiff be appointed as the representative of the Subclass; and

15   4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

16                         On the First Cause of Action

17   1.    For compensatory damages in an amount equal to the amount of unpaid wages

18   including overtime and double time compensation owed to Plaintiff and Class Members;

19   3.    For pre-judgment interest on any unpaid overtime compensation due from the day

20   that such amounts were due;

21   3.    For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

22   4.    For such other and further relief as the Court deems proper.

23                        On the Second Cause of Action

24   1.    For one (1) hour of premium pay for each day in which a required meal period was

25   not provided or not provided in a timely manner; and

26   2.    For such other and further relief as the Court deems proper.

27                         On the Third Cause of Action

28   1.    For one (1) hour of premium pay for each day in which a required rest period was

- 15 -

**CLASS ACTION COMPLAINT**

1   not authorized or permitted; and

2       2.    For such other and further relief as the Court deems proper.

3   On the Fourth Cause of Action

4       1.    For statutory penalties pursuant to Labor Code §203;

5       2.    For interest for wages untimely paid; and

6       3.    For such other and further relief as the Court deems proper.

7   On the Fifth Cause of Action

8       1.    For statutory penalties pursuant to Labor Code §226;

9       2.    For interest for wages untimely paid; and

10      3.    For such other and further relief as the Court deems proper.

11  On the Sixth Cause of Action

12      1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

13  Class Members for their past failure to pay all regular and wages and overtime wages due over

14  the last four (4) years in an amount according to proof;

15      2.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and

16  Class Members for their past failure to pay wages, premium wages for meal and/or rest periods,

17  that were not provided as described herein to Plaintiff and Class Members over the last four (4)

18  years in an amount according to proof;

19      3.    For pre-judgment interest on any unpaid wages due from the day that such

20  amounts were due;

21      4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to

22  recover;

23      5.    For costs of suit incurred herein; and

24      6.    For such other and further relief as the Court deems proper.

25

26

27

28

- 16 -

**CLASS ACTION COMPLAINT**

## DEMAND FOR JURY TRIAL

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: September 20, 2016

JAMES HAWKINS APLC

By:

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
Attorneys for Plaintiff EDUARDO
FIGUEROA, SR. individually and on behalf
of all others similarly situated.

- 17 -

**CLASS ACTION COMPLAINT**

## PROOF OF SERVICE, COUNTY OF ORANGE

I am a resident of the State of California, County of Orange. I am over the age of eighteen years and not a party to the within action. My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On December 2, 2016, I served on the interested parties in this action the following document(s) entitled:

- **FIRST AMENDED CLASS ACTION COMPLAINT**

[XX] BY MAIL: I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List below and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

### SERVICE LIST

Karin Cogbill, Shareholder
50 West San Fernando Street, 15th Floor
San Jose, CA 95113-2434

[ X ] STATE: I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on December 2, 2016, at Irvine, California

_/s/Nicole Miccolis____
Nicole Miccolis

PROOF OF SERVICE

# EXHIBIT C

ELECTRONICALLY FILED
Superior Court of California,
County of Orange
**12/22/2016** at 09:44:00 AM
Clerk of the Superior Court
By Olga Lopez,Deputy Clerk

1  KARIN M. COGBILL, Bar No. 244606
   kcogbill@littler.com
2  LITTLER MENDELSON, P.C.
   50 W. San Fernando, 15th Floor
3  San Jose, CA  95113.2303
   Telephone:    408.998.4150
4
   MUSTAFA EL-FARRA, Bar No. 247206
5  melfarra@littler.com
   LITTLER MENDELSON, P.C.
6  2050 Main Street, Suite 900
   Irvine, CA  92614
7  Telephone:    949.705.3000
   Fax No.:       949.724.1201
8
   Attorneys for Defendant
9  ALLIED BUILDING PRODUCTS CORP.

10

11                    SUPERIOR COURT OF CALIFORNIA

12                 COUNTY OF ORANGE, CIVIL COMPLEX

13  EDUARDO FIGUEROA, SR., individually       Case No. 30-2016-00877140-CU-OE-CXC
    and on behalf of all others similarly
14  situated,                                 ASSIGNED FOR ALL PURPOSES TO
                                              JUDGE KIM G. DUNNING, DEPT. CX104
15              Plaintiffs,
                                              **DEFENDANT ALLIED BUILDING
16         v.                                 PRODUCTS CORP.'S ANSWER TO
                                              PLAINTIFF'S UNVERIFIED FIRST
17  ALLIED BUILDING PRODUCTS CORP.,           AMENDED CLASS ACTION COMPLAINT**
    a New Jersey Corporation, and DOES 1 to
18  50, inclusive,                            Complaint Filed:   September 22, 2016
                                              Trial Date:        None
19              Defendants.

20

21                         **GENERAL DENIAL**

22         Pursuant to Section 431.30 of the California Code of Civil Procedure, Defendant ALLIED

23  BUSINESS PRODUCTS CORP. ("Defendant") answers the First Amended Class Action Complaint

24  of Plaintiff EDUARDO FIGUEROA, SR. ("Plaintiff") by generally denying each and every

25  allegation contained therein, by denying that Plaintiff has been damaged or has sustained any

26  damages as a result of the conduct alleged therein, and by asserting the separate and distinct

27  affirmative defenses set forth below. By asserting the defenses, Defendant does not concede that it

28  has the burden of proof as to any affirmative defense asserted below.

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     As a separate and distinct affirmative defense, Defendant alleges that the First Amended Complaint, and each and every alleged cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Class Action – Certification Prerequisites)

2.     As a separate and distinct affirmative defense, Defendant alleges that Plaintiff cannot maintain this action as a class action, for multiple reasons, including, but not limited to a lack of numerosity; the fact that common issues of fact or law do not predominate, rather, to the contrary, individual issues predominate; Plaintiff's claims are not representative or typical of the claims of the putative class members; Plaintiff cannot fairly and adequately represent the interests of the purported class; Plaintiff and alleged putative class counsel are not adequate representatives for the alleged putative class; and a well-defined community of interest in the questions of law and/or fact affecting Plaintiff does not exist.

## THIRD AFFIRMATIVE DEFENSE

### (Class/Representative Action – Lack of Manageability)

3.     As a separate and distinct affirmative defense, Defendant alleges that the First Amended Complaint and each purported cause of action alleged therein, cannot proceed as a purported class or representative action because of difficulties likely to be encountered that render the action unmanageable.

## FOURTH AFFIRMATIVE DEFENSE

### (Class Action – Violation of Due Process)

4.     As a separate and distinct affirmative defense, Defendant alleges that certification of a class action, as applied to the facts and circumstances of this case, would constitute a denial of Defendant's due process rights, both substantive and procedural, in violation of the Fourteenth Amendment to the United States Constitution and the California Constitution.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

2.

### FIFTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226.7– No Private Right of Action)

5.　As a separate and distinct affirmative defense, Defendant alleges that there is no private right of action for an employee to recover damages under Section 226.7 of the California Labor Code.

### SIXTH AFFIRMATIVE DEFENSE

#### (Labor Code §§ 226.7– Compliance with Obligations)

6.　As a separate and distinct affirmative defense, Defendant alleges that it acted in a reasonable and good faith belief that it complied with its obligations, if any, under the California Labor Code, specifically including Sections 226, 226.3, and 226.7 thereof, as to Plaintiff and all putative class member(s).

### SEVENTH AFFIRMATIVE DEFENSE

#### (Good Faith)

7.　As a separate and distinct affirmative defense, Defendant is informed and believes that further investigation and discovery will reveal, and on that basis alleges, that any violation of the Labor Code or an Order of the Industrial Welfare Commission was an act or omission made in good faith and Defendant had reasonable grounds for believing that its practices complied with applicable laws and that any such act or omission was not a violation of the Labor Code or any Order of the Industrial Welfare Commission such that Plaintiff and/or the putative class members are not entitled to any damages.

### EIGHTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226 – Lack of Injury)

8.　As a separate and distinctive affirmative defense, Defendant alleges that Plaintiff sustained no injury from any alleged failure by Defendant to comply with Labor Code section 226.

### NINTH AFFIRMATIVE DEFENSE

#### (Labor Code § 226 – Good Faith)

9.　As a separate and distinct affirmative defense, Defendant alleges that it acted in

3.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113-2303
408.998.4150

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

Page 77

1    good faith at all times concerning Plaintiff and the putative class members.

2    **TENTH AFFIRMATIVE DEFENSE**

3    (Labor Code § 226 – No Intentional Failure)

4         10.    As a separate and distinct affirmative defense, Defendant alleges that, even

5    assuming arguendo, Plaintiff was not provided with a proper itemized statement of wages and

6    deductions, Plaintiff is not entitled to recover damages or penalties because Defendant's alleged

7    failure to comply with California Labor Code section 226(a) was not a 'knowing and intentional

8    failure" under California Labor Code section 226(e).

9    **ELEVENTH AFFIRMATIVE DEFENSE**

10    (Bankruptcy)

11         11.    To the extent Plaintiff and/or members of the putative class, or anyone else who

12    joins this lawsuit, petitioned for bankruptcy under either Chapter 7 or Chapter 13 of the United

13    States bankruptcy code, yet failed to list a wage claim against Defendant as a potential asset in their

14    bankruptcy filings, they are barred from pursuing their wage claims against Defendant.

15    **TWELFTH AFFIRMATIVE DEFENSE**

16    (No Willful or Intentional Violation)

17         12.    As a separate and distinct affirmative defense, Defendant alleges that the First

18    Amended Complaint fails to state a claim for penalties because Defendant did not willfully or

19    intentionally violate the Labor Code.

20    **THIRTEENTH AFFIRMATIVE DEFENSE**

21    (Failure to State a Claim for Attorneys' Fees and Costs)

22         13.    As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

23    failed to state facts sufficient to constitute a claim for which attorneys' fees and costs may be

24    awarded.

25    **FOURTEENTH AFFIRMATIVE DEFENSE**

26    (Statute of Limitations)

27         14.    As a separate and distinct affirmative defense, Defendant alleges that each

28    purported cause of action set forth in the First Amended Complaint is barred in whole or in part by

4.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1    the applicable statute(s) of limitation, including without limitation, California Code of Civil

2    Procedure sections 338, 340; Business and Professions Code section 17208; California Labor Code

3    sections 203(b), 226(a), and/or any other applicable statutes of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Prejudgment Interest)

6    15.   As a separate and distinct affirmative defense, Defendant alleges that the First

7    Amended Complaint fails to properly state a claim upon which prejudgment interest may be

8    awarded, as the damages claimed are not sufficiently certain to allow an award of prejudgment

9    interest.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Mitigation of Damages)

12    16.   As a separate and distinct affirmative defense, Defendant alleges that it is

13    informed and believes that a reasonable opportunity for investigation and discovery will reveal, and

14    on that basis alleges, Plaintiff and/or the putative class members failed to exercise reasonable care to

15    mitigate their damages, if any were suffered, and that their right to recover against Defendant should

16    be reduced and/or eliminated by such a failure.

### SEVENTEEN AFFIRMATIVE DEFENSE

#### (Waiver)

19    17.   As a separate and distinct affirmative defense, Defendant is informed and

20    believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

21    alleges, the First Amended Complaint and each cause of action set forth therein is barred by the

22    equitable doctrine of waiver.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

25    18.   As a separate and distinct affirmative defense, Defendant is informed and

26    believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis

27    alleges, the First Amended Complaint and each cause of action set forth therein is barred by the

28    equitable doctrine of estoppel.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303.
408.998.4150

5.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Laches)

19.   As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the First Amended Complaint and each cause of action set forth therein is barred by the equitable doctrine of laches.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (Unclean Hands)

20.   As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, the First Amended Complaint and each cause of action set forth therein are barred by the equitable doctrine of unclean hands.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (Breach of Duty)

21.   As a separate and distinct affirmative defense, Defendant is informed and believes that a reasonable opportunity for investigation and discovery will reveal, and on that basis alleges, Plaintiff's claims are barred by his own breach of the duties owed to Defendant under California Labor Code sections 2854, 2856, 2857, 2858 and/or 2859.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Adequate Remedy at Law)

22.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and the putative class members are not entitled to equitable relief insofar as they have an adequate remedy at law.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Set-Off)

23.   As a separate and distinct affirmative defense, Defendant alleges that, assuming Plaintiff or members of the putative class are entitled to any wages, Defendant is entitled to a credit or setoff.  This credit or setoff includes, but is not limited to, amounts erroneously overpaid to

6.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113 2303
408.998.4150

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1  Plaintiff and/or members of the putative class, as well as work performed not to the benefit of the

2  Defendant.   The claims of Plaintiff and/or members of the putative class are barred because they

3  would be unjustly enriched if they prevailed on any of said claims.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

(Excessive Fines and Punishment)

6  24.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

7  First Amended Complaint and every cause of action therein is barred based on the United States

8  Constitution's prohibition against excessive fines and punishment.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

(Res Judicata/collateral estoppel)

11  25.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

12  claims are barred, in whole or in part, by the doctrine of res judicata and/or collateral estoppel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

(De Minimis Non Curat Lex)

15  26.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

16  and/or members of the putative class may not recover some or all of the disputed unpaid hours for

17  time purportedly worked because such hours are not compensable under the doctrine of de minimis

18  non curat lex.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

(Avoidable Consequences)

21  27.   As a separate and distinct affirmative defense, Defendant alleges that the First

22  Amended Complaint and each purported claim for relief set forth therein and any recovery to which

23  Plaintiff and putative class members might be entitled (and Defendant does not admit that Plaintiff

24  and putative class members are entitled to any recovery) must be reduced pursuant to the doctrine of

25  avoidable consequences.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

(Accord and Satisfaction)

28  28.   As a separate and distinct affirmative defense, Defendant alleges that the claims

7.

LITTLER MENDELSON, P.C.
60 W. San Fernando, 15th
Floor
San Jose, CA 95113-2303
408.998.4150

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

of Plaintiff and/or members of the putative class are barred, in whole or in part, by the doctrine of accord and satisfaction.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Proper Representative Claims)

29.   As a separate and distinct affirmative defense, Defendant alleges that the claim based on Business and Professions Code section 17200 *et seq.* is not appropriate for resolution on a representative basis.

## THIRTIETH AFFIRMATIVE DEFENSE

### (No Standing)

30.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff and those he seeks to represent lack standing to sue pursuant to California Business & Professions Code §§ 17200 and 17204, and the California Private Attorneys' General Act as he is neither "aggrieved" nor has he suffered any injury in fact or lost money or property as a result of any allegedly unlawful business practice of Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Opportunity to Take Meal/Rest Breaks)

31.   As a separate and distinct affirmative defense, Defendant alleges that, assuming *arguendo* that Plaintiff and/or the allegedly aggrieved employees he seeks to represent were entitled to meal and/or rest breaks, the First Amended Complaint is barred because they (1) failed to take meal and/or rest breaks that were provided to them in compliance with California law, (2) chose not to take the meal and/or rest breaks that were authorized and permitted or (3) waived their right to meal and/or rest periods, including under California Labor Code Section 512(a).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Exceeds Scope of Charges)

32.   As a separate and distinct affirmative defense, Defendant alleges that the First Amended Complaint and each cause of action set forth therein is barred in whole or in part to the extent that they exceed the scope of the charges made by Plaintiff and/or the "aggrieved employees" before the Labor and Workforce Development Agency ("LWDA").

8.

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

1

### THIRTY-THIRD AFFIRMATIVE DEFENSE

2

(Insufficient Notice)

3      33.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

4  failed to provide the LWDA sufficient notice of his claims, the names of the "aggrieved employees" on

5  whose behalf he intends to seek penalties, and/or the facts underlying their claims to permit the LWDA

6  to make a reasoned determination regarding whether to investigate and thus Plaintiff's notice was

7  deficient and the Court lacks jurisdiction over their claims for violation of the PAGA, California Labor

8  Code section 2698 *et seq.*

9

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

10

(Labor Code § 2699 – Administrative Requirements)

11      34.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's

12  cause of action for civil penalties is barred because Plaintiff failed to exhaust the notice and other

13  administrative requirements set out in the California Private Attorneys General Act, Labor Code

14  sections 2698, *et seq.* ("PAGA").

15

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

16

(Labor Code § 2699 – Aggrieved Employee)

17      35.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff

18  lacks standing to bring claims for civil penalties on behalf of others because he is not an "aggrieved

19  employee," pursuant to the PAGA.

20

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

21

(Labor Code § 2699 – Representative Action)

22      36.   As a separate and distinct affirmative defense, Defendant alleges that it is a

23  violation of Defendant's due process rights if Plaintiff seeks to adjudicate the claims of other current

24  or former employees of Defendant, pursuant to the PAGA, without first establishing that the claims

25  or defenses of Plaintiff are typical of the claims or defenses of the other employees Plaintiff purports

26  to represent, or without first establishing that there are common questions of law and fact as to all of

27  the employees whom Plaintiff purports to represent.

28

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

9.

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

(Labor Code § 2699(a) – Duplicative Civil Penalties)

37.   As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recovery of civil penalties under the PAGA, to the extent that such penalties are sought in addition to other civil penalties for the same claims, as such double recovery is prohibited and would constitute unjust enrichment.

## ADDITIONAL AFFIRMATIVE DEFENSES

Defendant reserves its right to assert additional defenses or claims which may become known during the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays:

1.   That Plaintiff take nothing by his action against Defendant and that Plaintiff's Complaint be dismissed in its entirety with prejudice;

2.   That Judgment be entered in Defendant's favor and against Plaintiff;

3.   That Defendant be awarded its attorneys' and expert fees and costs of suit herein (to the extent permitted by applicable law) and that Defendant be awarded such other and further relief as the Court deems just and proper.

4.   Such other and further relief as the Court deems appropriate and proper.

Dated: December 22, 2016

Karin M. Cogbill
Mustafa El-Farra
LITTLER MENDELSON, P.C.
Attorneys for Defendant
ALLIED BUILDING PRODUCTS CORP.

Firmwide:144458348.3 083028.1004

LITTLER MENDELSON, P.C.
50 W. San Fernando, 15th
Floor
San Jose, CA 95113.2303
408.998.4150

10.

DEFENDANT'S ANSWER TO FIRST AMENDED CLASS ACTION COMPLAINT

**PROOF OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2050 Main Street, Suite 900, Irvine, California 92614. On December 22, 2016, I served the within document(s):

**DEFENDANT ALLIED BUILDING PRODUCTS CORP.'S ANSWER TO PLAINTIFF'S UNVERIFIED FIRST AMENDED CLASS ACTION COMPLAINT**

☐ by facsimile transmission on that date. This document was transmitted by using a facsimile machine that complies with California Rules of Court Rule 2003(3), telephone number 949.724.1201. The transmission was reported as complete and without error. A copy of the transmission report, properly issued by the transmitting machine, is attached. The names and facsimile numbers of the person(s) served are as set forth below.

☒ by placing a true copy of the document(s) listed above for collection and mailing following the firm's ordinary business practice in a sealed envelope with postage thereon fully prepaid for deposit in the United States mail at Irvine, California addressed as set forth below.

☐ by depositing a true copy of the same enclosed in a sealed envelope, with delivery fees provided for, in an overnight delivery service pick up box or office designated for overnight delivery, and addressed as set forth below.

☐ by directing _____ to personally deliver a copy of the document(s) listed above to the person(s) at the address(es) set forth below.

☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses on the attached service list on the dates and at the times stated thereon. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. The electronic notification address of the person making the service is sparis@littler.com.

☐ BY ELECTRONIC SERVICE: I caused the above-entitled document(s) to be served by _____ addressed to all parties appearing on the service list for this case. A copy of the Receipt Page/Confirmation will be maintained with the original document(s) in this office.

LITTLER MENDELSON, P.C.
2050 Main Street
Suite 900
Irvine, CA 92614
949.705.5000

1

2

3

4

5

6

7

James R. Hawkins
Gregory Mauro
JAMES HAWKINS APLC
9880 Research Drive, Suite 200
Irvine, CA  92618

Telephone:      (949) 387-7200
Facscimile:      (949) 387-6676
Emails:           james@jameshawkinsaplc.com
                       greg@jameshawkinsaplc.com
Attorneys for Plaintiff Eduardo Figueroa, Sr.

8       I am readily familiar with the firm's practice of collection and processing correspondence for

9   mailing and for shipping via overnight delivery service.  Under that practice it would be deposited

10   with the U.S. Postal Service or if an overnight delivery service shipment, deposited in an overnight

11   delivery service pick-up box or office on the same day with postage or fees thereon fully prepaid in

12   the ordinary course of business.

13       I declare under penalty of perjury under the laws of the State of California that the above is

14   true and correct. Executed on December 22, 2016, at Irvine, California.

15

16

17   Susan L. Paris

18   Firmwide:144576682.1 083028.1004

19

20

21

22

23

24

25

26

27

28

2.

PROOF OF SERVICE

# EXHIBIT D



**CORPORATION SERVICE COMPANY®**

# Notice of Service of Process

TMM / ALL
**Transmittal Number: 15647083**
**Date Processed: 09/20/2016**

| | |
|---|---|
| Primary Contact: | Frank Furia<br>Oldcastle, Inc.<br>15 East Union Avenue<br>East Rutherford, NJ 07073 |

| | |
|---|---|
| **Entity:** | Allied Building Products Corp.<br>Entity ID Number  1716598 |
| **Entity Served:** | Allied Building Products Corp |
| **Title of Action:** | Eduardo Figueroa vs. Allied Building Products Corp |
| **Document(s) Type:** | Other |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Department of Fair Employment & Housing, California |
| **Case/Reference No:** | 795389-250592 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 09/19/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Sofonio & Associates<br>Not Shown |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road  Wilmington, DE 19808  (888) 690-2882  |  sop@cscglobal.com

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
### Under the California Fair Employment and Housing Act
### (Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of          DFEH No. 795389-250592
EDUARDO FIGUEROA, Complainant.
907 Topeka Street
Anaheim, California 92805

vs.

ALLIED BUILDING PRODUCTS CORP,
Respondent.
2710 GATEWAY OAKS DRIVE, Suite 150N
Sacramento, California 95833

Complainant alleges:

1. Respondent **ALLIED BUILDING PRODUCTS CORP** is a **Private Employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.). Complainant believes respondent is subject to the FEHA.

2. On or around **August 25, 2016**, complainant alleges that respondent took the following adverse actions against complainant: **Discrimination, Retaliation Denied a good faith interactive process, Denied a work environment free of discrimination and/or retaliation, Denied reasonable accommodation, Terminated,** . Complainant believes respondent committed these actions because of their: **Disability, Engagement in Protected Activity** .

3. Complainant **EDUARDO FIGUEROA** resides in the City of **Anaheim**, State of **California**. If complaint includes co-respondents please see below.

*Complaint – DFEH No. 795389-250592*

FEH 902-1

Date Filed: September 13, 2016

Date Amended: September 13, 2016

1

2   **Additional Complaint Details:**

3

4   No complaint details specified.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

FEH 802-1

-6-

*Complaint – DFEH No. 795389-250592*

Date Filed: September 13, 2016

Date Amended: September 13, 2016

VERIFICATION

I, **Maribel Ullrich, Esq.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

On September 13, 2016, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Santa Ana, CA
Maribel Ullrich, Esq.

-7-
*Complaint – DFEH No. 795389-250592*

Date Filed: September 13, 2016

Date Amended: September 13, 2016

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR KEVIN KISH
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

September 13, 2016

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 795389-250592
Right to Sue: FIGUEROA / ALLIED BUILDING PRODUCTS CORP

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                                  GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                                                          DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

# AMENDED

September 13, 2016

EDUARDO FIGUEROA
907 Topeka Street
Anaheim, California 92805

RE:  **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 795389-250592
Right to Sue: FIGUEROA / ALLIED BUILDING PRODUCTS CORP

Dear EDUARDO FIGUEROA,

This letter informs you that the above-referenced complaint was filed with the Department of Fair
Employment and Housing (DFEH) has been closed effective September 13, 2016 because an immediate
Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision
(b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against
the person, employer, labor organization or employment agency named in the above-referenced
complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity
Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure
or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR.

# DEPARTMENT OF FAIR EMPLOYMENT & HOUSING

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
800-884-1684 | TDD 800-700-2320
www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

**AMENDED**

Enclosures

cc:



**Sofonio & Associates**
2030 Main Street, Suite 1300
Irvine, CA 92614-7220

9414 7118 9956 8681 6605 65

$6.675
US POSTAGE
FIRST-CLASS
FROM 92706
SEP 13 2016
stamps.com

Ser.

Delivery Add.

City

Allied Building Products Corp.
C/o: CSC Lawyers Incorporating Service
2710 Gateway Oaks Drive Ste. 150N
Sacramento CA 95833-3502



CORPORATION SERVICE COMPANY®

## Notice of Service of Process

**null / ALL**
**Transmittal Number: 15914354**
**Date Processed: 11/28/2016**

| | |
|---|---|
| Primary Contact: | Frank Furia<br>Oldcastle, Inc.<br>15 East Union Avenue<br>East Rutherford, NJ 07073 |

| | |
|---|---|
| **Entity:** | Allied Building Products Corp.<br>Entity ID Number  1716598 |
| **Entity Served:** | Allied Building Products Corp. |
| **Title of Action:** | Eduardo Figueroa, Sr. vs. Allied Building Products Corp |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Orange County Superior Court, California |
| **Case/Reference No:** | 30-2016-00877140-CU-OE-CXC |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 11/23/2016 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | James R. Hawkins<br>949-387-7200 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

Page 96

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

09/22/2016 at 03:08:07 PM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation,
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDUARDO FIGUEROA, SR., individually and on behalf of all others
similarly situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| The name and address of the court is: *(El nombre y dirección de la corte es:)* Orange County Superior Court 751 W Santa Ana Blvd Santa Ana, CA 92701 | CASE NUMBER: *(N°)* 30-2016-00877140-CU-OE-CXC Judge Kim G. Dunning |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Hawkins, APLC, 9880 Research Dr., Suite 200, Irvine CA, 92618; Tel: 949-387-7200

DATE: 09/22/2016   2016   ALAN CARLSON, Clerk of the Court   Clerk, by Georgina Ramirez , Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation
   under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 11/23/16

Page 1 of 1

**SUMMONS**

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation,
and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDUARDO FIGUEROA, SR., individually and on behalf of all others
similarly situated

| FOR COURT USE ONLY |
|---|
| *(SOLO PARA USO DE LA CORTE)* |
| **ELECTRONICALLY FILED** |
| Superior Court of California, |
| County of Orange |
| **09/22/2016** at 03:08:07 PM |
| Clerk of the Superior Court |
| By Georgina Ramirez,Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: | **CASE NUMBER:** |
| *(El nombre y dirección de la corte es)*: Orange County Superior Court | *(Nº)* 30-2016-00877140-CU-OE-CXC |
| 751 W Santa Ana Blvd | |
| Santa Ana, CA 92701 | Judge Kim G. Dunning |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es)*:
James Hawkins, APLC, 9880 Research Dr., Suite 200, Irvine CA, 92618, Tel: 949-387-7200

| | | | | |
|---|---|---|---|---|
| DATE: 09/22/2016  2016 | ALAN CARLSON, Clerk of the Court | Clerk, by | Georgina Ramirez | , Deputy |
| *(Fecha)* | | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465 |
| Judicial Council of California | | www.courtinfo.ca.gov |
| SUM-100 [Rev. July 1, 2009] | | |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Gregory Mauro, SBN 222239<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200<br>Irvine, CA 92618<br>TELEPHONE NO: 949-387-7200  FAX NO.:<br>ATTORNEY FOR *(Name):* Eduardo Figueroa, Sr. | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br>**09/22/2016** at 03:08:07 PM<br>Clerk of the Superior Court<br>By Georgina Ramirez, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W. Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Figueroa v. Allied Building Products Corp., et. al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 30-2016-00877140-CU-OE-CXC |
| | | | JUDGE: Judge Kim G. Dunning |
| | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*  CX-104

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☑ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is  ☐ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☑ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel   e. ☑ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is  ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 20, 2016
Gregory Mauro
_____
(TYPE OR PRINT NAME)                    ▶        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220; 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

SHORT TITLE: Figueron vs. Allied Building Products Corp.

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER: 30-2016-00877140-CU-OE-CXC |
| --- | --- |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 10/24/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on October 24, 2016, at 1:51:03 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JAMES HAWKINS APLC
JAMES@JAMESHAWKINSAPLC.COM

Clerk of the Court, by: _Dragunsa TT_ , Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                             Code of Civ. Procedure , § CCP1013(a)

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 10/24/2016              TIME: 01:43:00 PM      DEPT: CX104
JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK:  Antero Pagunsan
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Nestor Peraza

CASE NO: **30-2016-00877140-CU-OE-CXC** CASE INIT.DATE: 09/22/2016
CASE TITLE: **Figueroa vs. Allied Building Products Corp.**
CASE CATEGORY: Civil - Unlimited      CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72468997
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $1000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within ten (10) court days from date of this minute order. Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Status Conference is scheduled for 12/07/2016 at 10:00 AM in Department CX104.

Plaintiff shall, at least five (5) court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware.  Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the CMC (Case management Statement) form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

---

DATE: 10/24/2016                                 MINUTE ORDER                                    Page 1
DEPT:  CX104                                                                          Calendar No.

CASE TITLE: Figueroa vs. Allied Building Products Corp.          CASE NO: **30-2016-00877140-CU-OE-CXC**

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

DATE: 10/24/2016                    MINUTE ORDER                    Page 2
DEPT: CX104                                                        Calendar No.

Page 102

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

# ALTERNATIVE DISPUTE RESOLUTION (ADR)
# INFORMATION PACKAGE

## NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

    (1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

    (2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

    (3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

    (4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its Web site as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

**BENEFITS OF ADR.**

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

**DISADVANTAGES OF ADR.**

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. Oct. 2014)                                                        Page 2 of 4

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

> **Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

> **Cases for Which Arbitration May Not Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

> **Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

> **Cases for Which Mediation May Not Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Free mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA) For information regarding DRPA, contact:
- Community Service Programs, Inc. (949) 250-4058
- Orange County Human Relations (714) 480-6572

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name & Address)*: | *FOR COURT USE ONLY* |
|---|---|
| Telephone No.:                         Fax No. (Optional):<br>E-Mail Address (Optional):<br>ATTORNEY FOR *(Name)*:                    Bar No: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s),_____

_____

and defendant(s)/respondent(s),_____

_____

agree to the following dispute resolution process:

☐  Mediation

☐  Arbitration (must specify code)
        ☐ Under section 1141.11 of the Code of Civil Procedure
        ☐ Under section 1280 of the Code of Civil Procedure

☐  Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐  *I have an Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐  The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals.  We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court rule 3.720 et seq.

Date: _____      _____      _____
                         (SIGNATURE OF PLAINTIFF OR ATTORNEY)       (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____      _____      _____
                         (SIGNATURE OF DEFENDANT OR ATTORNEY)     (SIGNATURE OF DEFENDANT OR ATTORNEY)

**ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**

Approved for Optional Use                                  California Rules of Court, rule 3.221
L1270 (Rev. July 2014)

# SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
### CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 10/24/2016                    TIME: 01:43:00 PM        DEPT: CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK: Antero Pagunsan
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Nestor Peraza

CASE NO: **30-2016-00877140-CU-OE-CXC** CASE INIT.DATE: 09/22/2016
CASE TITLE: **Figueroa vs. Allied Building Products Corp.**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72468997
**EVENT TYPE:** Chambers Work

---

**APPEARANCES**

There are no appearances by any party.

The Court finds that this case is exempt from the case disposition time goals imposed by California Rule of Court, rule 3.714 due to exceptional circumstances and estimates that the maximum time required to dispose of this case will exceed twenty-four months due to the following case evaluation factors of California Rules of Court, rules 3.715 and 3.400:  Case is Complex.

Each party who has not paid the Complex fee of $1000.00 as required by Government Code section 70616 shall pay the fee to the Clerk of the Court within ten (10) court days from date of this minute order.  Failure to pay required fees may result in the dismissal of complaint/cross-complaint or the striking of responsive pleadings and entry of default.

The Status Conference is scheduled for 12/07/2016 at 10:00 AM in Department CX104.

Plaintiff shall, at least five (5) court days before the hearing, file with the Court and serve on all parties of record or known to Plaintiff a brief, objective summary of the case, its procedural status, the contentions of the parties and any special considerations of which the Court should be aware.  Other parties who think it necessary may also submit similar summaries three court days prior to the hearing.  DO NOT use the CMC (Case management Statement) form used for non-complex cases (Judicial Council Form CM-110).

This case is subject to mandatory electronic filing pursuant to Superior Court Rules, County of Orange, Rule 352.  Plaintiff shall give notice of the Status Conference and the electronic filing requirement to all parties of record or known to plaintiff, and shall attach a copy of this minute order.

---

CASE TITLE: Figueroa vs. Allied Building Products          CASE NO: **30-2016-00877140-CU-OE-CXC**
Corp.

Clerk to give notice to Plaintiff and Plaintiff to give notice to all other parties.

DATE: 10/24/2016                          MINUTE ORDER                          Page 2
DEPT: CX104                                                                      Calendar No.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**
Civil Complex Center
751 W. Santa Ana Blvd
Santa Ana, CA 92701

SHORT TITLE: Figueroa vs. Allied Building Products Corp.

| CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE | CASE NUMBER:<br>30-2016-00877140-CU-OE-CXC |
| --- | --- |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 10/24/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on October 24, 2016, at 1:51:03 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JAMES HAWKINS APLC
JAMES@JAMESHAWKINSAPLC.COM

Clerk of the Court, by: _____, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                          Code of Civ. Procedure , § CCP1013(a)

POS-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| JAMES HAWKINS, APLC<br>Gregory Mauro, SBN 222239<br>9880 Research Dr., Suite 200<br>Irvine, CA 92618<br><br>TELEPHONE NO.: 949-387-7200    FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* EDUARDO FIGUEROA, SR. | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 751 W Santa Ana Blvd.
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

PLAINTIFF/PETITIONER: Eduardo Figueroa, Sr., et. al.

DEFENDANT/RESPONDENT: Allied Building Products Corp.

| NOTICE AND ACKNOWLEDGMENT OF RECEIPT—CIVIL | CASE NUMBER:<br>30-2016-00877140-CU-OE-CXC |
|---|---|

TO *(insert name of party being served):* Allied Building Products Corp.

---

**NOTICE**

The summons and other documents identified below are being served pursuant to section 415.30 of the California Code of Civil Procedure. Your failure to complete this form and return it within 20 days from the date of mailing shown below may subject you (or the party on whose behalf you are being served) to liability for the payment of any expenses incurred in serving a summons on you in any other manner permitted by law.

If you are being served on behalf of a corporation, an unincorporated association (including a partnership), or other entity, this form must be signed by you in the name of such entity or by a person authorized to receive service of process on behalf of such entity. In all other cases, this form must be signed by you personally or by a person authorized by you to acknowledge receipt of summons. If you return this form to the sender, service of a summons is deemed complete on the day you sign the acknowledgment of receipt below.

Date of mailing: November 29, 2016

Gregory Mauro, Esq.
_____
(TYPE OR PRINT NAME)                           ▶           _____
                                                              (SIGNATURE OF SENDER—MUST NOT BE A PARTY IN THIS CASE)

---

**ACKNOWLEDGMENT OF RECEIPT**

This acknowledges receipt of *(to be completed by sender before mailing):*

1. [✓] A copy of the summons and of the complaint.
2. [✓] Other *(specify):*
       Civil Case Coversheet; Minute Order dated 10/24/2016

*(To be completed by recipient):*

Date this form is signed:

_____                    ▶    _____
(TYPE OR PRINT YOUR NAME AND NAME OF ENTITY, IF ANY,         (SIGNATURE OF PERSON ACKNOWLEDGING RECEIPT, WITH TITLE IF
ON WHOSE BEHALF THIS FORM IS SIGNED)                          ACKNOWLEDGMENT IS MADE ON BEHALF OF ANOTHER PERSON OR ENTITY)

---

Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-015 [Rev. January 1, 2005]

**NOTICE AND ACKNOWLEDGMENT OF RECEIPT — CIVIL**

Page 1 of 1<br>Code of Civil Procedure,<br>§§ 415.30, 417.10<br>www.courtinfo.ca.gov

## PROOF OF SERVICE, COUNTY OF ORANGE

I am a resident of the State of California, County of Orange.  I am over the age of eighteen years and not a party to the within action.  My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On November 29, 2016, I served on the interested parties in this action the following document(s) entitled:

- **ACKNOWLEDGMENT OF RECEIPT**

- **COMPLAINT**

- **SUMMONS**

- **CIVIL CASE COVER SHEET**

- **MINUTE ORDER**

[XX]   BY OVERNIGHT MAIL: By FEDERAL EXPRESS, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

## SERVICE LIST

Karin Cogbill, Shareholder
50 West San Fernando Street, 15th Floor
San Jose, CA 95113-2434

[ XX] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[XX ] **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at JAMES HAWKINS APLC at whose direction the service was made Executed on November 29, 2016, at Irvine, California

Nicole Miccolis

PROOF OF SERVICE

CM-010

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State bar number, and address):*<br>Gregory Mauro, SBN 222239<br>JAMES HAWKINS APLC<br>9880 Research Dr., Suite 200<br>Irvine, CA 92618<br>TELEPHONE NO.: 949-387-7200      FAX NO.:<br>ATTORNEY FOR *(Name):* Eduardo Figueroa, Sr. | *FOR COURT USE ONLY*<br><br>**ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of Orange<br><br>**09/22/2016** at 03:08:07 PM<br><br>Clerk of the Superior Court<br>By Georgina Ramirez,Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 751 W Santa Ana Blvd
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Civil Complex Center

CASE NAME:
Figueroa v. Allied Building Products Corp., et. al.

| CIVIL CASE COVER SHEET<br>☑ Unlimited  ☐ Limited<br>(Amount  (Amount<br>demanded  demanded is<br>exceeds $25,000)  $25,000 or less) | Complex Case Designation<br>☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>30-2016-00877140-CU-OE-CXC |
|---|---|---|
| | | JUDGE: Judge Kim G. Dunning |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).* CX-104

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☑ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties     d. ☑ Large number of witnesses
   b. ☑ Extensive motion practice raising difficult or novel   e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve        in other counties, states, or countries, or in a federal court
   c. ☑ Substantial amount of documentary evidence       f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a.☑ monetary  b.☑ nonmonetary; declaratory or injunctive relief  c.☐ punitive
4. Number of causes of action *(specify):* 5
5. This case ☑ is  ☐ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: September 20, 2016
Gregory Mauro
_____        ►        _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation, and DOES 1-50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
EDUARDO FIGUEROA, SR., individually and on behalf of all others similarly situated

> FOR COURT USE ONLY
> *(SOLO PARA USO DE LA CORTE)*
>
> **ELECTRONICALLY FILED**
> Superior Court of California,
> County of Orange
>
> **09/22/2016** at 03:08:07 PM
>
> Clerk of the Superior Court
> By Georgina Ramirez, Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Orange County Superior Court
751 W Santa Ana Blvd
Santa Ana, CA 92701

CASE NUMBER:
*(Núm.* 30-2016-00877140-CU-OE-CXC

Judge Kim G. Dunning

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
James Hawkins, APLC, 9880 Research Dr., Suite 200, Irvine CA, 92618; Tel: 949-387-7200

DATE: § 09/22/2016   2016   ALAN CARLSON, Clerk of the Court   Clerk, by   Georgina Ramirez   *(signature)*, Deputy
*(Fecha)*   *(Secretario)*   *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:

3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

James R. Hawkins, Esq. SBN 192925
Gregory E. Mauro, Esq. SBN 222239
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:   (949) 387-7200
FAX:   (949) 387-6676
Email: JAMES@JAMESHAWKINSAPLC.COM
Email: GREG@JAMESHAWKINSAPLC.COM

Attorneys for EDUARDO FIGUEROA, SR., individually and on
behalf of all others similarly situated

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF ORANGE, CIVIL COMPLEX

| | |
|---|---|
| EDUARDO FIGUEROA, SR., individually and on behalf of all others similarly situated, | Case No. 30-2016-00877140-CU-OE-CXC |
| | ASSIGNED FOR ALL PURPOSES TO: HON. KIM G. DUNNING |
| | DEPT: CX-104 |
| Plaintiff, | |
| vs. | **REQUEST TO CONTINUE STATUS CONFERENCE AND [PROPOSED] ORDER** |
| ALLIED BUILDING PRODUCTS CORP., a New Jersey Corporation,  and DOES 1-50, inclusive, | |
| | Dept: CX-104 |
| | Date: December  7, 2016 |
| | Time: 10:00AM |
| Defendants. | |

- 1 -

REQUEST TO CONTINUE STATUS CONFERENCE AND [PROPOSED] ORDER

1        Plaintiff, Eduardo Figueroa, Sr., individually and on behalf of all others similarly situated

2   ("Plaintiff"), hereby respectfully submits this Request to Continue the Status Conference

3   scheduled for December 7, 2016 at 10:00AM in department CX-104.

4        Plaintiff sent Notice and Acknowledgement of Receipt to Defendant Allied Building

5   Products, Corp., ("Defendant") on November 29, 2016 pursuant to California Code of Civil

6   Procedure § 415.30. Plaintiff requests the Court continue the Status Conference to January 5,

7   2017 or some day thereafter, to give Defendant time to appear and file a responsive pleadings or

8   answer.

9

10

11

12   Dated:   November 29, 2016       **JAMES R. HAWKINS, APLC**

13

14

15                   James R. Hawkins, Esq.

16                   Gregory E. Mauro, Esq.

17                 Attorneys for Plaintiff EDUARDO FIGUEROA, SR.

18                 individually and on behalf of all others similarly situated.

19

20

21

22

23

24

25

26

27

28

- 2 -

REQUEST TO CONTINUE STATUS CONFERENCE AND [PROPOSED] ORDER

# PROOF OF SERVICE, COUNTY OF ORANGE

I am a resident of the State of California, County of Orange.  I am over the age of eighteen years and not a party to the within action.  My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On November 29, 2016, I served on the interested parties in this action the following document(s) entitled:

- **REQUEST TO CONTINUE STATUS CONFERENCE AND PROPOSED ORDER**

[XX]   BY OVERNIGHT MAIL: By FEDERAL EXPRESS, following ordinary business practices for collection and processing of correspondence with said overnight mail service, and said envelope(s) will be deposited with said overnight mail service on said date in the ordinary course of business.

## SERVICE LIST

Karin Cogbill, Shareholder
50 West San Fernando Street, 15th Floor
San Jose, CA 95113-2434

[ XX] **STATE:** I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

[XX ] **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at JAMES HAWKINS APLC at whose direction the service was made Executed on November 29, 2016, at Irvine, California

Nicole Miccolis



1  JAMES HAWKINS APLC
   JAMES R. HAWKINS SBN 192925
2  GREGORY MAURO, SBN 222239
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile:  (949) 387-6676
   James@jameshawkinsaplc.com
5  Greg@jameshawkinsaplc.com

6  Attorneys for EDUARDO FIGUEROA, SR., individually and on
   behalf of all others similarly situated

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
               COUNTY OF ORANGE, CIVIL COMPLEX
9

10 EDUARDO FIGUEROA, SR., individually and      Case No. 30-2016-00877140-CU-OE-CXC
   on behalf of all others similarly situated,   ASSIGNED FOR ALL PURPOSES TO:
11                                                HON. KIM G. DUNNING
                  Plaintiffs,                     DEPT: CX-104
12
          v.
13                                                NOTICE OF MINUTE ORDER
   ALLIED BUILDING PRODUCTS CORP., a
14 New Jersey Corporation,  and DOES 1-50,
   inclusive,
15                                                Complaint Filed:  September 22, 2016
                  Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

                          NOTICE OF MINUTE ORDER

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that the Court in the above entitled action has continued the Status Conference from December 7, 2016 to January 18, 2017 at 10:00 a.m. in Department CX-104 of the above entitled Court. A copy of the November 30, 2016 Minute Order is attached hereto as exhibit A.

Dated: December 1, 2016                JAMES HAWKINS APLC

                                       By: /s/ Gregory Mauro
                                       JAMES R. HAWKINS, ESQ.
                                       GREGORY MAURO, ESQ.
                                       Attorneys for Plaintiff EDUARDO
                                       FIGUEROA, SR. individually and on behalf
                                       of all others similarly situated.

- 1 -
**NOTICE OF MINUTE ORDER**

## PROOF OF SERVICE

I am a resident of the State of California, County of Orange.  I am over the age of eighteen years and not a party to the within action.  My business address is 9880 Research Drive., Suite 200, Irvine, California 92618.

On December 1, 2016, I served the following document(s) described as:

- **NOTICE OF MINUTE ORDER**

on *interested* parties,
(XX) by placing ( ) the original (XX) a true copy thereof enclosed in a sealed envelope addressed as follows:

## SERVICE LIST

Karin M.Cogbill, Shareholder
LITTLER MENDELSON, P.C.
50 West San Fernando Street, 15th Floor
San Jose, CA 95113-2434
KCogbill@littler.com

[XX]  BY MAIL
(XX) I deposited such envelope in the mail at Irvine, California.  The envelope was mailed with postage thereon fully prepaid.
(XX)  As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

[XX]  STATE: I declare under penalty of perjury, under the laws of the State of California, that the above is true and correct.

Executed on December 1, 2016, at Irvine, California

*/s/ Sheila Gonzales*
Sheila Gonzales

- 2 -
NOTICE OF MINUTE ORDER

# EXHIBIT A

## SUPERIOR COURT OF CALIFORNIA,
## COUNTY OF ORANGE
## CIVIL COMPLEX CENTER

### MINUTE ORDER

DATE: 11/30/2016                  TIME: 03:44:00 PM        DEPT:  CX104

JUDICIAL OFFICER PRESIDING: Kim G. Dunning
CLERK:  Larry S Brown
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Nestor Peraza

CASE NO: **30-2016-00877140-CU-OE-CXC** CASE INIT.DATE: 09/22/2016
CASE TITLE: **Figueroa vs. Allied Building Products Corp.**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other employment

EVENT ID/DOCUMENT ID: 72490993
**EVENT TYPE**: Chambers Work

---

**APPEARANCES**

---

There are no appearances by any party.

The Court having read and considered plaintiff's written request to continue the Status Conference, submitted on 11/29/2016, now rules as follows:

The request is **granted.** The Status Conference presently set for 12/07/2016 is continued to 01/18/2017 at 10:00 AM in this department.

The formal order was signed this date.

Court orders clerk to give notice to plaintiff by e-Service. Plaintiff to give notice to all other parties.

DATE: 11/30/2016                  MINUTE ORDER                           Page 1
DEPT: CX104                                                        Calendar No.

Page 122

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>Civil Complex Center<br>751 W. Santa Ana Blvd<br>Santa Ana, CA 92701 | |
| SHORT TITLE: Figueroa vs. Allied Building Products Corp. | |
| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER:<br>**30-2016-00877140-CU-OE-CXC** |

I certify that I am not a party to this cause. I certify that the following document(s), Minute Order dated 11/30/16, have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from email address on November 30, 2016, at 4:03:51 PM PST. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

JAMES HAWKINS APLC
JAMES@JAMESHAWKINSAPLC.COM

Clerk of the Court, by: _Larry Brown_, Deputy

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

V3 1013a (June 2004)                                                    Code of Civ. Procedure , § CCP1013(a)

# PROOF OF SERVICE

I am employed in the County of Orange, State of California.  I am over the age of 18, and not a party to the within action.  My business address is 2050 Main Street, Suite 900, Irvine, California 92614.

On December 23, 2016, I served the foregoing document(s) described as:

**NOTICE OF REMOVAL OF ACTION TO FEDERAL COURT PURSUANT TO 28 U.S.C. SECTION 1332(D)(2) (CAFA)**

on the interested parties by placing a true and correct copy thereof in a sealed envelope addressed as follows:

> James R. Hawkins
> Gregory Mauro
> JAMES HAWKINS APLC
> 9880 Research Drive, Suite 200
> Irvine, CA  92618
>
> Telephone:  (949) 387-7200
> Facscimile: (949) 387-6676
> Emails:        james@jameshawkinsaplc.com
>                   greg@jameshawkinsaplc.com
> Attorneys for Plaintiff Eduardo Figueroa, Sr.

☒ **BY MAIL:**  I caused such envelope, with postage thereon fully prepaid, to be placed in the United States mail at Irvine, California.  I am readily familiar with the practice of Littler Mendelson for collection and processing correspondence for mailing.  Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Irvine, California in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **FEDERAL:**  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct and that I took said action(s) at the direction of a licensed attorney authorized to practice before this Federal Court.

1    Executed on December 23, 2016, at Irvine, California.

2

3                          _____

4                                  Susan L. Paris

5

6    Firmwide:144635835.1 083028.1004

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28