1  JAMES HAWKINS APLC
   JAMES R. HAWKINS SBN 192925
2  GREGORY MAURO, SBN 222239
   9880 Research Drive, Suite 200
3  Irvine, California 92618
   Telephone: (949) 387-7200
4  Facsimile: (949) 387-6676
   James@jameshawkinsaplc.com
5  Greg@jameshawkinsaplc.com

6  Attorneys for EDUARDO FIGUEROA, SR., individually and on
   behalf of all others similarly situated
7

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**09/22/2016** at 03:08:07 PM

Clerk of the Superior Court
By Georgina Ramirez, Deputy Clerk

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
9              COUNTY OF ORANGE, CIVIL COMPLEX

10  EDUARDO FIGUEROA, SR., individually and
    on behalf of all others similarly situated,

11                    Plaintiffs,

12         v.

13  ALLIED BUILDING PRODUCTS CORP., a
    New Jersey Corporation, and DOES 1-50,
14  inclusive,

15                    Defendants.

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 30-2016-00877140-CU-OE-CXC
Assigned for all Purposes to:
Hon.    Judge Kim G. Dunning
Dept.   cx-104

**CLASS ACTION COMPLAINT
PURSUANT TO CALIFORNIA CODE
OF CIVIL PROCEDURE §382 FOR:**

**(1)** FAILURE TO PAY WAGES INCLUDING
     OVERTIME;

**(2)** FAILURE TO PROVIDE MEAL PERIODS;

**(3)** FAILURE TO PROVIDE REST PERIODS;

**(4)** FAILURE TO TIMELY PAY WAGES;

**(5)** FAILURE TO PROVIDE ACCURATE WAGE
     STATEMENTS; AND

**(6)** UNFAIR COMPETITION

**DEMAND FOR JURY TRIAL**

CLASS ACTION COMPLAINT

1    COMES NOW plaintiff EDUARDO FIGUEROA, SR. ("Plaintiff"), individually and on
2  behalf of others similarly situated, asserts claims against defendants ALLIED BUILDING
3  PRODUCTS CORP., a New Jersey Corporation; and Does 1-50, inclusive (collectively
4  "Defendants") as follows:

5                                  **JURISDICTION AND VENUE**

6    1.    This class action is brought pursuant to California Code of Civil Procedure §382.
7  The monetary damages and restitution sought by Plaintiffs exceed the minimum jurisdiction
8  limits of the California Superior Court and will be established according to proof at trial.

9    2.    This Court has jurisdiction over this action pursuant to the California Constitution
10  Article VI §10, which grants the California Superior Court original jurisdiction in all causes
11  except those given by statute to other courts.  The statutes under which this action is brought do
12  not give jurisdiction to any other court.

13    3.    This Court has jurisdiction over Defendants because, upon information and belief,
14  each Defendant is either a resident of California, has sufficient minimum contacts in California,
15  or otherwise intentionally avails itself of the California market so as to render the exercise of
16  jurisdiction over it by the California Courts consistent with traditional notions of fair play and
17  substantial justice.

18    4.    The California Superior Court also has jurisdiction in this matter because there is no
19  federal question at issue, as the issues herein are based solely on California statutes and law,
20  including the Labor Code, IWC Wage Orders, CCP, California Civil Code ("CC") and B&PC.

21    **5.**    Venue is proper in this Court because upon information and belief, one or more of
22  the Defendants, reside, transact business, or have offices in this County and the acts or omissions
23  alleged herein took place in this County.

24                                        **PARTIES**

25    6.    Plaintiff, EDUARDO FIGUEROA, SR. is, and at all times relevant to this action, a
26  resident of Anaheim, California. Plaintiff was employed by Defendants approximately in October
27  of 2015 as a Non-Exempt Driver Employee through his separation in approximately July 26,
28  2016.  Plaintiff performed duties across various California job sites, such as the loading and

- 1 -

**CLASS ACTION COMPLAINT**

1  delivering of needed construction materials to the various customer locations, removal of

2  materials, the cleaning of Defendants' delivery/shipping yard, and other necessary duties related

3  to the Defendants' business of distributing building and construction materials to both residential

4  and commercial drivers.

5      7.      Defendants ALLIED BUILDING PRODUCTS CORP., is a New Jersey

6  Corporation.

7      8.      Plaintiff is informed and believes, and thereon alleges, that at all relevant times

8  mentioned herein, Defendants are organized and existing under the laws of California, and/or

9  were at all times mentioned herein licensed and qualified to do business in California.   On

10 information and belief, Plaintiff alleges that at all relevant times referenced herein Defendants did

11 and continue to transact business throughout California.

12      9.      Whenever in this complaint reference is made to any act, deed, or conduct of

13 Defendants, the allegation means that Defendants engaged in the act, deed, or conduct by or

14 through one or more of its officers, directors, agents, employees, or representatives, who was

15 actively engaged in the management, direction, control, or transaction of the ordinary business

16 and affairs of Defendants.

17      10.      Plaintiff is ignorant of the true names and capacities, whether individual,

18 corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 50, inclusive

19 and therefore sues said Defendants (the "Doe Defendants") by such fictitious names.   Plaintiff

20 will amend this complaint to insert the true names and capacities of the Doe Defendants at such

21 time as the identities of the Doe Defendants have been ascertained.

22      11.      Plaintiff is informed and believes, and thereon alleges, that the Doe Defendants are

23 the partners, agents, or principals and co-conspirators of Defendants, and of each other; that

24 Defendants and the Doe Defendants performed the acts and conduct herein alleged directly, aided

25 and abetted the performance thereof, or knowingly acquiesced in, ratified, and accepted the

26 benefits of such acts and conduct, and therefore each of the Doe Defendants is liable to the extent

27 of the liability of the Defendants as alleged herein.

28      12.      Plaintiff is further informed and believes, and thereon alleges, that at all times

**CLASS ACTION COMPLAINT**

1  herein material, each Defendant was completely dominated and controlled by its co-Defendants
2  and each was the alter ego of the other.   Whenever and wherever reference is made in this
3  complaint to any conduct by Defendant or Defendants, such allegations and references shall also
4  be deemed to mean the conduct of each of the Defendants, acting individually, jointly, and
5  severally.   Whenever and wherever reference is made to individuals who are not named as
6  Defendants in this complaint, but were employees and/or agents of Defendants, such individuals,
7  at all relevant times acted on behalf of Defendants named in this complaint within the scope of
8  their respective employments.

9  ## CLASS ACTION ALLEGATIONS

10      13.    Plaintiff brings this action individually as well as on behalf of each and all other
11  persons similarly situated, and thus, seeks class certification under California Code of Civil
12  Procedure §382.

13      14.    All claims alleged herein arise under California law for which Plaintiff seeks relief
14  as authorized by California law.

15      15.    The proposed class is comprised of and defined as:

16      Any and all persons who are or were employed as non-exempt drivers and
17      loaders, however titled, by Defendants in the state of California within four (4)
        years prior to the filing of the complaint in this action until resolution of this
18      lawsuit (hereinafter collectively referred to as the "Class" or "Class Members").

19      16.    Plaintiff also seeks to represent the subclass(es) composed of and defined as
20  follows:
        All Class Members who have been employed by Defendant at any time between
21      September 21, 2013 and the present and have separated their employment.

22      17.    Plaintiff reserves the right under California Rule of Court 3.765(b) and other
23  applicable laws to amend or modify the class definition with respect to issues or in any other
24  ways.

25      18.    The term "Class" includes Plaintiff and all members of the Class and each of the
26  subclasses, if applicable. Plaintiff seeks class-wide recovery based on the allegations set forth in
27  this complaint.

28

**CLASS ACTION COMPLAINT**

19.     There is a well-defined community of interest in this litigation and the members of the Class are easily ascertainable as set forth below:

a.     Numerosity:  The members of the Class and Subclass are so numerous that joinder of all members of the Class and/or Subclass would be unfeasible and impractical.  The membership of the entire Class and/or Subclass is unknown to Plaintiff at this time, however, the Class is estimated to be greater than one hundred (100) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b.     Typicality:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or subclass with whom he has a well-defined community of interest.  Plaintiff's claims herein alleged are typical of those claims which could be alleged by any member of the Class and/or Subclass, and the relief sought is typical of the relief which would be sought by each member of the Class and/or Subclass in separate actions.  All members of the Class and/or Subclass have been similarly harmed by not being provided meal periods, authorized and permitted rest periods or paid premium wages in lieu thereof, and not paid all wages due and owing including overtime wages as Plaintiff and the putative class were automatically deducted for a thirty (30) minute meal period without having ever taking one, all due to Defendants' own policies and practices that affected each member of the Class and/or Subclass similarly.

c.     Adequacy:  Plaintiff is qualified to, and will fairly and adequately protect the interests of each member of the Class and/or Subclass with whom she has a well defined community of interest and typicality of claims, as demonstrated herein.  Plaintiff acknowledges an obligation to make known to the Court any relationships, conflicts, or differences with any member of the Class and/or Subclass.  Plaintiff's attorneys and the proposed Counsel for the Class and Subclass are versed in the rules governing class action discovery, certification, litigation, and settlement and experienced in handling such matters.  Other former and current employees of Defendants may also serve as representatives of the Class and Subclass if needed.

d.     Superiority:  The nature of this action makes the use of class action adjudication superior to other methods.  A class action will achieve economies of time, effort,

- 4 -

1  judicial resources, and expense compared to separate lawsuits.  The prosecution of separate

2  actions by individual members of the Class and/or Subclass would create a risk of inconsistent

3  and/or varying adjudications with respect to the individual members of the Class and/or Subclass,

4  establishing incompatible standards of conduct for the Defendants, and resulting in the

5  impairment of the rights of the members of the Class and/or Subclass and the disposition of their

6  interests through actions to which they were not parties.

7          e.    Public Policy Considerations:  Employers in the state of California violate

8  employment and labor laws everyday.  Current employees are often afraid to assert their rights

9  out of fear of direct or indirect retaliation.  Former employees are fearful of bringing actions

10 because they believe their former employers may damage their future endeavors through negative

11 references and/or other means.  The nature of this action allows for the protection of current and

12 former employees' rights without fear or retaliation or damage.

13         f.    Commonality:  There are common questions of law and fact as to the Class

14 that predominate over questions affecting only individual members including, but not limited to:

15         1.    Whether Defendants failed to pay Plaintiff and Class Members for time

16 spent working through meal periods or for automatic deductions of meal periods that were never

17 taken, including regular hours and for hours Plaintiff and the Class worked in excess of eight (8)

18 hours per day and/or forty (40) hours per week;

19         2.    Whether Defendants failed to pay Plaintiff and Class Members for time

20 spent working when meal periods were less than 30 minutes, yet were deducted 30 minutes of

21 time for a short meal period, and not paid for this time, including regular hours and for hours

22 Plaintiff and members of the Class worked in excess of eight (8) hours per day and/or forty (40)

23 hours per week, and double time wages for work over twelve (12) hours in a day;

24         3.    Whether Defendants failed to pay all wages including overtime wages to

25 Plaintiff and Class Members due to its unlawful rounding of time policy which was used in such a

26 manner that it resulted, over a period of time, in the failure to compensate the employees properly

27 for all the time they have actually worked; and/or due to an unlawful policy of deducting 30

28 minutes of pay for a meal period which was less than 30 minutes; and/or due to an unlawful

**CLASS ACTION COMPLAINT**

policy of failing to pay for time spent working off the clock during alleged meal periods.

4. Whether Defendants failed to pay all wages including overtime wages to Plaintiff and Class Members due to its unlawful policy of automatically deducting meal periods even when meal periods were never provided for or taken and/or due to an unlawful policy deducting 30 minutes of pay for a meal period which was less than 30 minutes;

5. Whether Defendants failed to pay Plaintiff and members of the Class all wages earned either at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving Defendants' employ;

6. Whether Defendants failed to provide meal periods and authorize and permit rest breaks in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

7. Whether Defendants failed to provide accurate itemized wage statements in accordance with the applicable Labor Codes and applicable Industrial Welfare Commission ("IWC") wage order;

8. Whether Defendants engaged in unfair competition in violation of California Business & Professions Code §§17200, et seq.; and

9. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violations of California law.

## FACTUAL ALLEGATIONS

20. At all times set forth herein, Defendants employed Plaintiff and other persons in the capacity of non-exempt positions such as drivers and loaders, however titled, throughout the state of California.

21. Defendants employed Plaintiff as a Non-Exempt Driver and Loader Employee working as a non-exempt hourly paid employee during the liability period until the separation in approximately July 2016.

22. Plaintiff regularly clocked in early due to Defendant's policies of requiring loads to be delivered on time and resulting pressure to leave the work yards loaded and on time. In order to deliver loads on time, Plaintiff and Class Members were regularly required to clock in

CLASS ACTION COMPLAINT

early by as much as 10 minutes in order perform their duties such as inspecting the load, inspecting the trucks, preparing for routes, securing the loads and reviewing the delivery paperwork. Defendant unlawfully rounded this time which over time resulted in time in the favor of Defendants, which time was not de minimis.

23. Defendants continue to employ non-exempt employees such as drivers and loaders, however titled, throughout the state of California.

24. Plaintiff is informed and believes, and thereon alleges, that Defendants are and were advised by skilled lawyers and other professionals, employees, and advisors with knowledge of the requirements of California's wage and employment laws.

25. During the relevant time frame, Defendants compensated Plaintiff and Class Members based upon an hourly rate.

26. On information and belief, during the relevant time frame, Plaintiff and Class Members frequently worked well over eight (8) hours in a day and forty (40) hours in a work week.

27. On information and belief, during the relevant time frame, Defendants failed to provide meal periods to Plaintiff and Class Members due to Defendants high demands placed upon it employees to deliver the loads to its customers on time.

28. On information and belief, Defendants also deducted 30 minutes of time despite recorded meal periods being less than 30 minutes or not having been provided a 30 minute meal period at all due to the demands placed upon them by Defendants. Thus Defendants failed to provide meal periods in accordance with California law.

29. On information and belief, Defendants also failed to provide second meal periods according to California law.

30. On information and belief, Defendants also failed to permit and authorize rest periods for the same reasons they failed to provide meal periods.

31. On information and belief, Plaintiff, and Class Members were systematically denied meal periods and not permitted or authorized rest breaks or not provided meal periods or rest periods within the legally required time frames. Nevertheless, Defendants never paid

1  Plaintiff, and on information and belief, never paid Class Members an extra hour of pay as
2  required by California law where all meal periods and rest breaks were not provided, or not
3  provided within the legally required time frames.

4      32.     On information and belief, Defendants failed to record meal periods and maintain
5  accurate time records reflecting the times meal periods were allegedly provided and taken.

6      33.     Plaintiff is informed and believes, and thereon alleges, that Defendants know,
7  should know, knew, and/or should have known that Plaintiff and the other Class Members were
8  entitled to receive accurate wages including overtime compensation, and premium wages
9  including but not limited to Labor Code §§201-203, 226, 226.7, 510, 512, 558, 1174, 1194 and
10 applicable IWC Wage Orders and California Code of Regulations, but were not paid all regular
11 and overtime wages and not paid all meal and rest period premiums due.

12     34.     During the relevant time frame, Plaintiff, and on information and belief the Class
13 Members, were not paid all wages due and owing at the time of separation for meal and rest
14 period premiums, wages and overtime wages for off the clock work, and for time spent under the
15 control of Defendant working for which time was unlawfully rounded in Defendant's favor.

16     35.     Plaintiff is informed and believes, and thereon alleges, that at all times herein
17 mentioned, Defendants knew that they had a duty to compensate Plaintiff and Class Members
18 premium wages, and that Defendants had the financial ability to pay such compensation, but
19 willfully, knowingly, recklessly, and/or intentionally failed to do so.

20     36.     Plaintiff and Class Members they seek to represent are covered by, and Defendants
21 are required to comply with, applicable California Labor Codes, IWC Wage Orders and
22 corresponding applicable provisions of California Code of Regulations, Title 8, 11000 et seq.

23                            **CLASS ACTION CLAIMS**
24        **FIRST CAUSE OF ACTION FOR FAILURE TO PAY WAGES INCLUDING**
25                                   **OVERTIME**
26                    **By Plaintiff and Class Against All Defendants**
27     37.     Plaintiff repeats and incorporates herein by reference each and every allegation set
28 forth above, as though fully set forth herein.

38.     At all times relevant, the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants provided that employees working for more than eight (8) hours in a day or forty (40) hours in a work week are entitled to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work week.  An employee who works more than twelve (12) hours in a day is entitled to overtime compensation at a rate of twice the regular rate of pay.

39.     At all times relevant, the IWC wage orders applicable to Plaintiff's and the Class require employers to pay its employees for each hour worked at least minimum wage.  "Hours worked" means the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so, and…that time spent carrying out assigned duties shall be counted as hours worked.

40.     Labor Code §510 codifies the right to overtime compensation at the rate of one and one-half times the regular rate of pay for all hours worked in excess of eight (8) hours in a day or forty (40) hours in a work, or for the first eight (8) hours worked on the seventh (7th) consecutive day of work in a work week; and  to overtime compensation at twice the regular rate of pay for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work in a particular work week.

41.     At all times relevant, Plaintiff and Class Members regularly performed non-exempt work and thus were subject to overtime requirements of the IWC Wage Orders, CCR § 11000, et. seq. and the Labor Code.

42.     At all times relevant, Plaintiff and Class Members consistently worked in excess of eight (8) hours in a day and/or forty (40) hours in a week.

43.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members by deducting wages for meal periods that were never taken and/or wages for meal periods less than 30 minutes.

44.     On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for off the clock work during meal periods all while subject to the control of Defendants.

CLASS ACTION COMPLAINT

45.    On information and belief, at all times relevant, Defendants failed to pay regular wages and overtime wages to Plaintiff and Class Members for unlawful rounding of times which times were not de minimis all while subject to the control of Defendants.

46.    Defendants knew or should have known these acts were occurring. Yet Defendant failed to pay for all time worked while subject to the control of Defendant.

47.    Defendants' failure to pay Plaintiff and Class Members the unpaid balance of regular and overtime compensation violates the provisions of Labor Code §510 and §1194, and the applicable IWC wage orders and is therefore unlawful.

48.    Accordingly, Defendants owe Plaintiff and Class Members regular and overtime wages.

**SECOND CAUSE OF ACTION FOR FAILURE TO PROVIDE MEAL PERIODS**

**By Plaintiff and Class Against All Defendants**

49.    Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

50.    Pursuant to Labor Code §512, no employer shall employ an employee for a work period of more than five (5) hours without providing a meal break of not less than thirty (30) minutes in which the employee is relieved of all of his or her duties.  An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

51.    Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, in order for an "on duty" meal period to be permissible, the nature of the work of the employee must prevent an employee from being relieved of all duties relating to his or her work for the employer and the employees must consent in writing to the "on duty" meal period.

52.    Plaintiff and Class Members did not consent in writing to an "on duty" meal period.  Further, the nature of the work of Plaintiff and Class Members was not such that Plaintiff

and Class Members are prevented from being relieved of all duties.  Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §512 and §226.7, Plaintiff and Class Members were not provided with duty free meal periods, and/or not provided meal periods within the required time frames, or the legally required length of times, for Plaintiff and Class Members needed to be continuously driving and delivering materials between job sites.

53.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members, in their non-exempt positions, however titled, duty free meal periods, meal breaks of not less than thirty (30) minutes, and not provided meal periods within the required time frames pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants.

54.     As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

55.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a meal period was not provided and not provided within the required time frames.

**THIRD CAUSE OF ACTION FOR FAILURE TO AUTHORIZE REST PERIODS**

**By Plaintiff and Class Against All Defendants**

56.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

57.     Pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, "Every employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period.... [The] authorized rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked or major fraction thereof.... Authorized rest period time shall be counted as hours worked, for which there shall be no deduction from wages." Labor Code §226.7(a) prohibits an employer from requiring any employee to work during any rest period mandated by an applicable order of the IWC.

**CLASS ACTION COMPLAINT**

58.     Defendants were required to authorize and permit employees such as Plaintiff and Class Members to take rest periods, based upon the total hours worked at a rate of ten (10) minutes net rest per four (4) hours, or major fraction thereof, with no deduction from wages. Despite said requirements of the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants, Defendants failed to permit and authorize Plaintiff and Class Members, in their roles as on-exempt employees, or equivalent positions with similar job duties, however titled, to take ten (10) minute rest periods for every four (4) hours worked, or major fraction thereof as a result of Plaintiff and Class Members needing to meet the Defendants' demands by continuously driving and delivering materials between job sites

59.     For the four (4) years preceding the filing of this lawsuit, Defendants failed to provide Plaintiff and Class Members the required rest periods pursuant to the IWC wage orders applicable to Plaintiff's and Class Members' employment by Defendants and Labor Code §226.7. As a proximate result of the aforementioned violations, Plaintiff and Class Members have been damaged in an amount according to proof at time of trial.

60.     Pursuant to Labor Code §226.7, Plaintiff and Class Members are entitled to recover one (1) hour of premium pay for each day in which a rest period was not provided.

**FOURTH CAUSE OF ACTION FOR FAILURE TO TIMELY PAY WAGES DUE**

**By Plaintiff and Class Against All Defendants**

61.     Plaintiff repeats and incorporates herein by reference each and every allegation set forth above, as though fully set forth herein.

62.     Labor Code §§201-202 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge and that if an employee voluntarily leaves his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages on their last day of work.

63.     Labor Code §203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by Labor Code §§201-202, the employer is liable for

- 12 -

1  waiting time penalties in the form of continued compensation for up to thirty (30) work days.

2      64.    During the relevant time period, Defendants willfully failed and refused, and

3  continue to willfully fail and refuse, to pay Plaintiff and members of the Class their wages, earned

4  and unpaid wages, either at the time of discharge, or within seventy-two (72) hours of their

5  voluntarily leaving Defendants' employ. These wages include the wages for off the clock work,

6  wages due for automatically deducting meal periods that were never taken, and for overtime for

7  hours worked in excess of eight (8) hours a day, forty (40) hours a week, but upon separation

8  Defendants failed to pay wages due and owing within the time frame specified by Labor Code

9  §§201-202.

10     65.    Defendants' willful failure to pay Plaintiff and Class Members their wages earned

11  and unpaid at the time of discharge, or within seventy-two (72) hours of their voluntarily leaving

12  Defendants' employ, violates Labor Code §§201-202.

13     66.    As a result, Defendants are liable to Plaintiff and members of the Class for waiting

14  time penalties pursuant to Labor Code §203, in an amount according to proof at the time of trial.

15          **FIFTH CAUSE OF ACTION FOR FAILURE TO PROVIDE ACCRUATE**

16                          **ITEMIZED WAGE STATEMENT**

17                    **By Plaintiff and Class Against All Defendants**

18     60.    Plaintiff repeats and incorporates herein by reference each and every allegation set

19  forth above, as though fully set forth herein.

20     61.    Section 226(a) of the California Labor Code requires Defendants to itemize in

21  wage statements all deductions from payment of wages and to accurately report total hours

22  worked by Plaintiff and the Class including applicable hourly rates and reimbursement expenses

23  among other things. Defendants have knowingly and intentionally failed to comply with Labor

24  Code section 226 and 204 on wage statements that have been provided to Plaintiff and the Class.

25     62.    IWC Wage Orders require Defendants to maintain time records showing, among

26  others, when the employee begins and ends each work period, meal periods, split shift intervals

27  and total daily hours worked in an itemized wage statement, and must show all deductions and

28  reimbursements from payment of wages, and accurately report total hours worked by Plaintiff and

- 13 -

**CLASS ACTION COMPLAINT**

1 the Class. On information and belief, Defendants have failed to record all or some of the items
2 delineated in Industrial Wage Orders and Labor Code §226.

3      63.    Defendants have also failed to accurately record the total hours worked and the
4 accurate pay due as a result of the unlawful deductions and rounding complained of herein

5      64.    Defendants have also failed to accurately record the meal and rest period
6 premiums owed per pay period.

7      65.    Plaintiff and the Class have been injured as they were unable to determine whether
8 they had been paid correctly for all hours worked per pay period among other things.

9      66.    Pursuant to LC section 226, Plaintiff and the Class are entitled up to a maximum
10 of $4,000 each for record keeping violations.

11                **SIXTH CAUSE OF ACTION FOR UNFAIR COMPETITION**
12                    **By Plaintiff and Class Against All Defendants**

13      67.    Plaintiff repeats and incorporates herein by reference each and every allegation set
14 forth above, as though fully set forth herein.

15      68.    Defendants' conduct, as alleged in this complaint, has been, and continues to be,
16 unfair, unlawful, and harmful to Plaintiff and Class Members, Defendants' competitors, and the
17 general public. Plaintiff seeks to enforce important rights affecting the public interest within the
18 meaning of the California Code of Civil Procedure §1021.5.

19      69.    Defendants' policies, activities, and actions as alleged herein, are violations of
20 California law and constitute unlawful business acts and practices in violation of California
21 Business and Professions Code §§17200, et seq.

22      70.    A violation of California Business and Professions Code §§17200, et seq., may be
23 predicated on the violation of any state or federal law. In the instant case, Defendants' policy and
24 practice of failing to pay wages including overtime over the past four (4) years violates Labor
25 Code §§ 201, 202, 203, 226.7, 510, 512, and 1194.

26      71.    Defendants' policy of failing to provide Plaintiff and Class Members with meal
27 periods and rest breaks or the one (1) hour of premium pay when a meal or rest break period was
28 not provided or provided outside of the required time frames violates Labor Code §§ 510, 512,

**CLASS ACTION COMPLAINT**

1  and 226.7, and for and applicable IWC Wage Orders and California Code of Regulations.

2      72.    Plaintiff and Class Members have been personally aggrieved by Defendants'

3  unlawful and unfair business acts and practices alleged herein by the loss of money and/or

4  property.

5      73.    Pursuant to California Business and Professions Code §§17200, et seq., Plaintiff

6  and Class Members are entitled to restitution of the wages withheld and retained by Defendants

7  during a period that commences four (4) years prior to the filing of this complaint; an award of

8  attorneys' fees, interest; and an award of costs.

9                          **PRAYER FOR RELIEF**

10     WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

11                          Class Certification

12     1.    That this action be certified as a class action;

13     2.    That Plaintiff be appointed as the representative of the Class;

14     3.    That Plaintiff be appointed as the representative of the Subclass; and

15     4.    That counsel for Plaintiff is appointed as counsel for the Class and Subclass.

16                          On the First Cause of Action

17     1.    For compensatory damages in an amount equal to the amount of unpaid wages

18  including overtime and double time compensation owed to Plaintiff and Class Members;

19     3.    For pre-judgment interest on any unpaid overtime compensation due from the day

20  that such amounts were due;

21     3.    For reasonable attorneys' fees and costs pursuant to Labor Code §1194; and

22     4.    For such other and further relief as the Court deems proper.

23                          On the Second Cause of Action

24     1.    For one (1) hour of premium pay for each day in which a required meal period was

25  not provided or not provided in a timely manner; and

26     2.    For such other and further relief as the Court deems proper.

27                          On the Third Cause of Action

28     1.    For one (1) hour of premium pay for each day in which a required rest period was

- 15 -

**CLASS ACTION COMPLAINT**

1 | not authorized or permitted; and

2 |     2.    For such other and further relief as the Court deems proper.

3 | On the Fourth Cause of Action

4 |     1.    For statutory penalties pursuant to Labor Code §203;

5 |     2.    For interest for wages untimely paid; and

6 |     3.    For such other and further relief as the Court deems proper.

7 | On the Fifth Cause of Action

8 |     1.    For statutory penalties pursuant to Labor Code §226;

9 |     2.    For interest for wages untimely paid; and

10 |     3.    For such other and further relief as the Court deems proper.

11 | On the Sixth Cause of Action

12 |     1.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay all regular and wages and overtime wages due over the last four (4) years in an amount according to proof;

15 |     2.    That Defendants, jointly and/or severally, pay restitution of sums to Plaintiff and Class Members for their past failure to pay wages, premium wages for meal and/or rest periods, that were not provided as described herein to Plaintiff and Class Members over the last four (4) years in an amount according to proof;

19 |     3.    For pre-judgment interest on any unpaid wages due from the day that such amounts were due;

21 |     4.    For reasonable attorneys' fees that Plaintiff and Class Members are entitled to recover;

23 |     5.    For costs of suit incurred herein; and

24 |     6.    For such other and further relief as the Court deems proper.

- 16 -

1

## **DEMAND FOR JURY TRIAL**

Plaintiff and members of the Class and Subclass request a jury trial in this matter.

Dated: September 20, 2016

JAMES HAWKINS APLC

By: _____

JAMES R. HAWKINS, ESQ.
GREGORY MAURO, ESQ.
Attorneys for Plaintiff EDUARDO
FIGUEROA, SR. individually and on behalf
of all others similarly situated.

- 17 -